Present:  All the Justices

BOYD W. GARRETT, ADMINISTRATOR OF
THE ESTATE OF JAMES HENRY BROWN

v.    Record No. 951833    OPINION BY JUSTICE ELIZABETH B. LACY
                                    June 7, 1996
CHRISTINE T. MAJIED

FROM THE CIRCUIT COURT OF BEDFORD COUNTY
William W. Sweeney, Judge


James Henry Brown died intestate on March 7, 1993.  On August 20, 1993, Christine Trent Majied filed a bill of complaint against Boyd W. Garrett, administrator of Brown's estate (the Estate), alleging that she was Brown's daughter and seeking a two-thirds share of Brown's estate under the provisions of Code §§ 64.1-1 and -11.  The Estate filed a response denying that Brown was Christine's father and that she was entitled to any portion of his estate.  Christine filed a "motion for paternity testing" requesting that the circuit court issue an order directing the exhumation of Brown's body so that the GeneLex Corporation could obtain tissue samples to perform paternity analysis through DNA testing.  The Estate opposed the motion.  Following an <u>ore tenus</u> hearing and argument of counsel, the trial court entered an order granting Christine's disinterment motion.  We awarded the Estate an appeal and will reverse the order of the trial court.

On appeal, the Estate asserts that the trial court erred in ordering the disinterment of Brown's body because the evidence was insufficient to support her contentions that Brown

1

was her putative father and that the samples she sought to obtain for genetic testing were reliable.  Our disposition of the case, however, does not require us to reach these assignments of error.  The record, briefs, and argument of counsel show that the parties and the court assumed that the trial court had jurisdiction to issue an exhumation order pursuant to Subsection B of Code § 32.1-286.  Whether this subsection authorizes the trial court to order exhumation for the purpose of paternity analysis is a question of subject matter jurisdiction which can be raised sua sponte at any time. Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990).

Examination of Code § 32.1-286 in its entirety shows that Subsection B cannot be read apart from the rest of the statute.  The statute provides the grounds and procedures for the issuing of an exhumation order under very specific circumstances.[1]  Subsection A authorizes exhumation only when

---

[1] Code Section 32.1-286 provides:

A.  In any case of death described in subsection A of § 32.1-283, where the body is buried without investigation by a medical examiner as to the cause and manner of death or where sufficient cause develops for further investigation after a body is buried, the Chief Medical Examiner shall authorize such investigation and shall send a copy of the report to the appropriate attorney for the Commonwealth who shall communicate such report to a judge of the appropriate circuit court.  Such judge may order that the body be exhumed and an autopsy performed thereon by the Chief Medical Examiner or by an Assistant Chief Medical Examiner.  The pertinent facts disclosed by the autopsy shall be communicated to the judge who ordered it.

death was the result of one of the causes listed in Code § 32.1-283, such as trauma, injury, or violence or where the death occurred under any suspicious, unnatural, or unusual manner. Furthermore, Subsection A restricts exhumation under this section to circumstances where the Chief Medical Examiner authorizes investigation of the death. Subsection B provides the procedural conditions for implementing Subsection A; it does not create blanket statutory authority to order exhumation regardless of the reason.

This construction is consistent with the legislative history of the statute. Prior to 1979, the substance of Subsection A was part of former Code § 32-31.19.[2] The relevant provisions did not indicate who could or should file a motion

---

B. Any party in interest may petition the judge of the circuit court exercising jurisdiction over the place of interment and, upon proper showing of sufficient cause, such judge may order the body exhumed.

[2] Former Code § 32-31.19 provided in pertinent part:

If, in any case of sudden, violent or suspicious death, the body is buried without any inquiry by a medical examiner as to the cause and manner of death, or without any autopsy being held or performed, it shall be the duty of the medical examiner, upon being advised of such fact, to notify the attorney for the Commonwealth thereof, who shall communicate the same to the judge of the circuit court, and such judge may, by an order entered in the common-law order book of his court, require that the body be exhumed and an autopsy performed thereon by the Chief Medical Examiner or by a pathologist or toxicologist designated by him for the purpose, and the pertinent facts disclosed by the autopsy shall be communicated to the judge who ordered it, for such action thereon as he, or the court of which he is judge, deems proper.

for exhumation, whether the court where the death occurred or where the interment occurred had jurisdiction to order exhumation, or if notification of the absence of an autopsy alone was sufficient to support an exhumation order.

When the section was recodified in 1979, Acts 1979, ch. 711, these issues were clarified by the addition of Subsection B. It identified the circuit court of the place of interment as the proper venue for implementing the exhumation authorized in Subsection A, conferred standing on any interested party to seek exhumation, and established a "proper showing of sufficient cause" as the standard of proof required to support the order of exhumation.

Based on the analysis set out above, we conclude that Code § 32.1-286 does not authorize an exhumation order for the purpose of establishing paternity. Brown's death was not alleged to have resulted from any cause listed in Code § 32.1-283, and no medical examiner authorized further investigation of the circumstances of Brown's death. Therefore, the trial court was without subject matter jurisdiction to enter an exhumation order based on Code § 32.1-286. No other ground was asserted as a basis for the trial court's jurisdiction.

Accordingly, we will reverse the order of the trial court and remand the case for further proceedings on the bill of complaint.

<u>Reversed and remanded.</u>

4