COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


GERARDO RAMOS DIAZ
                                          OPINION BY
v.    Record No. 1374-01-4         JUDGE JERE M. H. WILLIS, JR.
                                        AUGUST 20, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                   Carleton Penn, Judge Designate

            Seth I. Howard, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Michael T. Judge, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.

     On appeal from the revocation of the suspension of sentence

in his misdemeanor habitual offender case, Gerardo Diaz contends

that the trial court erred (1) in holding that he committed a

further violation within the period of suspension; and (2) in

holding that a circuit court sentencing order pursuant to Code

§ 16.1-133 relates back to the district court conviction date.

For the following reasons, we reverse the judgment of the trial

court.

                        I.   BACKGROUND

     On June 27, 2000, Diaz was convicted in the district court

of driving after having been declared an habitual offender

(first offense-misdemeanor) and was sentenced to serve ninety

days in jail, with seventy days suspended on condition of his good behavior. He was ordered to begin serving his active jail sentence on July 7, 2000. He timely noted an appeal. See Code § 16.1-132.

Also on June 27, 2000, after the conclusion of the district court proceedings, Diaz was again arrested for driving a motor vehicle after having been declared an habitual offender (second/subsequent offense-felony).

On August 1, 2000, Diaz withdrew the appeal of his June 27, 2000 conviction. See Code § 16.1-133. The circuit court entered an order "confirm[ing] [sic] the judgment of the General District Court" and imposing the sentence assessed in the district court. Diaz was ordered to remain on general good behavior and to report to the Fauquier County Adult Detention Center to begin serving his sentence on August 4, 2000.

On November 7, 2000, Diaz pleaded guilty to the June 27, 2000 felony habitual offender violation. He was convicted and sentenced to serve one year and two months in prison. On April 13, 2001, the trial court held that Diaz's June 27, 2000 offense violated the terms of his June 27, 2000 suspended sentence in the misdemeanor habitual offender case. It revoked the suspension and ordered him to serve the suspended seventy days.

## II. ANALYSIS

A court may revoke a suspension of sentence for sufficient cause occurring during the period of suspension. Code

-

§ 19.2-306.  Diaz contends that his June 27, 2000 felony habitual offender violation did not occur within the suspension period of his June 27, 2000 misdemeanor conviction.  He argues that his appeal of that conviction suspended the order of conviction and sentence.  He further argues that the trial court's August 1, 2000 order, confirming the district court's judgment, was effective August 1, 2000, and operated from that date.  Thus, he argues, no suspension of sentence was in effect when he was arrested on June 27, 2000.

Citing Code § 16.1-133.1, the Commonwealth argues that jurisdiction in the general district court continues post judgment for sixty days or until a de novo trial on the merits is commenced in the circuit court.  Thus, the Commonwealth argues, Diaz's appeal did not suspend the effective operability of his June 27, 2000 order of conviction.  We agree with Diaz. This case does not involve the reopening of a case in the district court.  It involves only the effect of an appeal taken pursuant to Code § 16.1-132.

Code § 16.1-132 provides:

>  Any person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from such conviction, and whether or not such conviction was on a plea of guilty, to appeal to the circuit court. . . .

Code § 16.1-136 provides:

>  Any appeal taken under the provisions of [Code § 16.1-132] shall be heard de novo in

-

the appellate court and shall be tried
without formal pleadings in writing; and,
except in the case of an appeal from any
order or judgment of a court not of record
forfeiting any recognizance or revoking any
suspension of sentence, the accused shall be
entitled to trial by a jury in the same
manner as if he had been indicted for the
offense in the circuit court.

Thus, the judgment of the circuit court on appeal supersedes and
abrogates the district court judgment from which the appeal is
taken.

Code § 16.1-133 provides:

[A]ny person convicted in a general district
court . . . of an offense not felonious may,
at any time before the appeal is heard,
withdraw an appeal which has been noted, pay
the fine and costs to such court, and serve
any sentence which has been imposed.

A person withdrawing an appeal shall give
written notice of withdrawal to the court
and counsel for the prosecution prior to the
hearing date of the appeal.  If the appeal
is withdrawn more than ten days after
conviction, the circuit court shall
forthwith enter an order affirming the
judgment of the lower court and the clerk
shall tax the costs as provided by statute.
Fines and costs shall be collected by the
circuit court and all papers shall be
retained in the circuit court clerk's
office.

Where the withdrawal is within ten days
after conviction, no additional costs shall
be charged, and the judgment of the lower
court shall be imposed without further
action of the circuit court.

Thus, when an appeal is withdrawn within ten days of the
district court conviction, the withdrawal nullifies the appeal

and reinstates the district court judgment.  However, when the appeal is withdrawn more than ten days after the district court conviction, action by the circuit court is required.  Although the required action is the affirmation of the district court judgment, the action is nonetheless the judgment of the circuit court.  The judgment of the district court is abrogated.  See Zamani v. Commonwealth, 26 Va. App. 59, 62, 492 S.E.2d 854, 856 (1997), aff'd sub nom, 256 Va. 391, 507 S.E.2d 608 (1998).[1]

Diaz's appeal of his June 27, 2000 district court conviction suspended the operation of that judgment.  After the expiration of ten days, the charge continued as an open proceeding in the circuit court, subject to retrial de novo pursuant to Code § 16.1-136 or withdrawal pursuant to the second paragraph of Code § 16.1-133.  Diaz pursued the latter course and, in compliance with the statute, the trial court entered its August 1, 2000 order, affirming the district court judgment and imposing the sentence imposed by the district court.  That order was the order of the circuit court, effective from the date of its entry, August 1, 2000.  It superseded and abrogated the district court's June 27, 2000 order.  Thus, the sentence and

---

[1] Zamani recognized and reaffirms the foregoing general rule, see Buck v. City of Danville, 213 Va. 387, 388, 192 S.E.2d 758, 759 (1972), but held that rule to be subject to the authority of a district court, under appropriate circumstances, to reopen the case pursuant to Code § 16.1-133.1, a circumstance not involved in this case.

-

suspension of sentence imposed by the June 27, 2000 order were not in force when Diaz was arrested on June 27, 2000.

The judgment of the trial court is reversed, and the proceeding against Diaz is ordered dismissed.

<u>Reversed and dismissed.</u>