PRESENT:  All the Justices

DORIS MOZLEY

v.  Record No. 012884    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                      November 1, 2002
THE PRESTWOULD BOARD OF DIRECTORS


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Randall G. Johnson, Judge


    In this appeal, we consider whether the Virginia Condominium

Act, Code §§ 55-79.39 through -79.103 (the Act), requires an award

of attorneys' fees and costs to the prevailing party in a

declaratory judgment suit brought by a condominium unit owner

against a unit owners' association to determine whether the

association properly rendered an assessment for the replacement of

certain windows, which the association contended were "limited

common elements" under the Act.

    The Prestwould Condominium (the Prestwould) is a multi-unit

condominium located in the City of Richmond.  Doris Mozley owns a

condominium unit in the Prestwould.

    In August 2000, the Prestwould Board of Directors (the Board),

the executive organ of the Prestwould Condominium Unit Owners'

Association, solicited bids to replace 13 windows in four

individual condominium units at the request of the owners of those

units.  The Board accepted a $42,000 bid from a contractor to

replace those windows and assessed this cost proportionally against

all the unit owners of the Association.  Mozley, who was not one of

the four unit owners who requested replacement windows, was assessed an amount for her proportional share of the replacement costs.

Mozley filed a bill of complaint for declaratory relief in the Circuit Court of the City of Richmond asking the chancellor to declare, among other things, that she should not be assessed a portion of the cost for the replacement windows in the four individual units because those windows were not "limited common elements" within the meaning of the Act.* She requested a further declaration that the cost for these windows should have been assessed only against the owners of those individual units. Mozley also sought an award of attorneys' fees and costs under the Act.

In response, the Board filed an answer and a cross-bill for declaratory judgment seeking various relief, including a declaration that the replacement windows were "limited common elements" for which Mozley was required to pay the proportional amount assessed. The Board also asked the chancellor to order Mozley to pay the Board's reasonable attorneys' fees and costs.

Mozley and the Board filed cross-motions for summary judgment. After the Board filed its summary judgment motion, Mozley paid the full amount assessed against her and requested a nonsuit of her bill of complaint.

---

*"Limited common elements" are defined in Code § 55-79.41 as "a portion of the common elements reserved for the exclusive use of those entitled to the use of one or more, but less than all, of the units."

2

At a hearing on the motions, the chancellor denied Mozley's motion for nonsuit and her motion for summary judgment. The chancellor granted the Board's cross-motion for summary judgment on the ground that the replacement windows were "limited common elements" within the meaning of the Act. At that hearing, the Board also argued that it was entitled to an award of attorneys' fees and costs under two different statutes, Code §§ 55-79.53(A) and -79.84.

Code § 55-79.53(A) states:

> The declarant, every unit owner, and all those entitled to occupy a unit shall comply with all lawful provisions of this chapter and all provisions of the condominium instruments. Any lack of such compliance shall be grounds for an action or suit to recover sums due, for damages or injunctive relief, or for any other remedy available at law or in equity, maintainable by the unit owners' association, or by its executive organ or any managing agent on behalf of such association, or, in any proper case, by one or more aggrieved unit owners on their own behalf or as a class action. A unit owners' association shall have standing to sue in its own name for any claims or actions related to the common elements as provided in subsection B of § 55-79.80. The prevailing party shall be entitled to recover reasonable attorneys' fees and costs expended in the matter.

Code § 55-79.80(B) provides, in relevant part:

> Except to the extent prohibited by the condominium instruments, and subject to any restrictions and limitations specified therein, the executive organ of the unit owners' association, if any, and if not, then the unit owners' association itself, shall have the irrevocable power as attorney-in-fact on behalf of all the unit owners and their successors in title with respect to the common elements, including without limitation the right, in the name of the unit owners' association, . . . (ii) to assert, through litigation or otherwise, defend against, compromise, adjust, and settle any claims or actions related to common elements.

Code § 55-79.84 states, in relevant part:

> A. The unit owners' association shall have a lien on every condominium unit for unpaid assessments levied against that condominium unit in accordance with the provisions of this chapter and all lawful provisions of the condominium instruments.
>
> . . . .
>
> E. The judgment or decree in an action brought pursuant to this section shall include, without limitation, reimbursement for costs and attorneys' fees of the prevailing party.

The chancellor held that Code §§ 55-79.53(A) and -79.84 each mandated an award of attorneys' fees and costs in favor of the Board. He further held that the amount requested by the Board for attorneys' fees and costs was reasonable and entered final judgment for the Board in the amount of $15,855.08. Mozley appeals from the chancellor's judgment.

Under basic rules of statutory construction, we consider the language of these statutes to determine the General Assembly's intent from the words contained therein, unless a literal construction would yield an absurd result. Vaughn, Inc. v. Beck, 262 Va. 673, 677, 554 S.E.2d 88, 90 (2001); Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001). When a statute's language is plain and unambiguous, we are bound by the plain meaning of that language. Indus. Dev. Auth. v. Bd. of Supervisors, 263 Va. 349, 353, 559 S.E.2d 621, 623 (2002); Cummings, 261 Va. at 77, 540 S.E.2d at 496; Earley v. Landsidle, 257 Va. 365, 370, 514 S.E.2d 153, 155 (1999). Therefore, when the General Assembly has

4

used words of a plain and definite import, courts cannot assign to them a construction that would be tantamount to holding that the General Assembly intended something other than that which it actually expressed. Vaughn, 262 Va. at 677, 554 S.E.2d at 90; see Advanced Marine Enters., Inc. v. PRC Inc., 256 Va. 106, 125, 501 S.E.2d 148, 159 (1998).

We first consider Mozley's argument that the chancellor erred in holding that the Board was entitled to attorneys' fees under Code § 55-79.84. She contends that this statute is not applicable to the present case but is limited solely to actions brought by a unit owners' association to enforce liens for unpaid assessments. In responding to this contention during oral argument on appeal, the Board conceded that Code § 55-79.84 did not provide express authority for the chancellor's award of attorneys' fees.

We agree with the parties' conclusion that Code § 55-79.84 does not authorize an award of attorneys' fees to a prevailing party in a declaratory judgment suit brought to determine whether a particular component part of a condominium is a "limited common element" within the meaning of the Act. Instead, the plain language of the provision for attorneys' fees in that section authorizes such an award only for suits brought by a unit owners' association to enforce a lien for unpaid assessments levied against a condominium unit owner in accordance with the Act and lawful provisions of applicable condominium instruments. Therefore, we

5

hold that the trial court erred in its construction of this statutory provision.

Mozley also argues that the chancellor erred in relying on Code § 55-79.53(A) to support the award of attorneys' fees and costs. She asserts that Code § 55-79.53(A) applies only to awards of attorneys' fees and costs in actions brought by a unit owners' association against an individual unit owner for that owner's failure to comply with the provisions of either the relevant condominium instruments or the Act. Mozley contends that because she paid the full amount assessed for the replacement windows, without requiring the Board to obtain a judgment against her, she is not liable to pay attorneys' fees and costs as provided by this statute. We disagree with Mozley's arguments.

The language of Code § 55-79.53(A) is expressed in plain and unambiguous terms. This subsection authorizes two types of litigation. The first type concerns actions for failure to comply with provisions contained in relevant condominium instruments or in the Act. Such actions for noncompliance may be brought by a unit owners' association, its executive organ or managing agent, or by "one or more aggrieved unit owners on their own behalf or as a class action." Id.; see also Frantz v. CBI Fairmac Corp., 229 Va. 444, 450-51, 331 S.E.2d 390, 395 (1985). The present appeal does not involve an action of this nature because Mozley did not fail to comply with any provision of the Act or of relevant condominium instruments.

6

The second type of litigation addressed by Code § 55-79.53(A) authorizes a unit owners' association of a condominium to bring suit in its own name for "any claims or actions related to the common elements" of a condominium, as set forth in Code § 55-79.80(B). Such suits are described by Code § 55-79.80(B) to include, among other things, the right to assert, through litigation or the defense against litigation, "any claims or actions related to common elements."

The present declaratory judgment suit and cross-bill are representative of this second type of litigation authorized by Code § 55-79.53(A). The Board was required to defend against Mozley's bill of complaint seeking a declaration that the replacement windows were not "limited common elements" as defined by the Act. The Board's cross-bill was a separate assertion by the Board, through litigation, of its claim that those windows were, in fact, "limited common elements."

The text of Code § 55-79.53(A), following its authorization of these two types of litigation, states that "[t]he prevailing party shall be entitled to recover reasonable attorneys' fees and costs expended in the matter." By its plain language, this provision requires an award of attorneys' fees and costs to the prevailing party in both types of litigation authorized by the statute.

We find no merit in Mozley's contention that the summary title of Code § 55-79.53, "Compliance with condominium instruments," restricts application of that section's provision for attorneys'

7

fees and costs to actions brought for noncompliance with the Act or applicable condominium instruments. That summary title is not part of the statute enacted by the General Assembly and, thus, has no effect on the meaning of the body of the statute. See Mason v. Commonwealth, 217 Va. 321, 323, 228 S.E.2d 683, 684 (1976); Brown v. Commonwealth, 215 Va. 143, 146, 207 S.E.2d 833, 836 (1974).

Because the chancellor was required by Code § 55-79.53(A) to award the Board its reasonable attorneys' fees and costs, we turn now to consider Mozley's argument that the amount of the chancellor's award was unreasonable under the circumstances of this case. Mozley asserts that the award of $15,855.08 was unreasonable because she paid the full assessment, thereby obviating the need for a noncompliance action against her. She also argues that her declaratory judgment action was not a complex matter, and notes that no depositions were taken in the case and the parties engaged in only one exchange of written discovery requests. Finally, Mozley contends that because declaratory judgment suits are remedial in nature, as recognized by the General Assembly in Code § 8.01-191, she should not suffer this additional penalty for bringing her suit. We disagree with Mozley's arguments.

The mandatory provision for attorneys' fees and costs in Code § 55-79.53(A) places the financial burden of the litigation on the unsuccessful party. Thus, this provision ensures that all unit owners will not have to absorb their association's costs of litigation simply because one unit owner brought an unsuccessful

8

suit against the association. The chancellor's award to the Board is consistent with the General Assembly's intent reflected in the language of this statute.

We also conclude that the chancellor did not abuse his discretion in setting the amount of the award. As the chancellor observed, the Board was confronted with litigation that could have had a significant negative impact on its procedures and methods of operation. Thus, in the words of the chancellor, "[h]aving initiated the proceeding, [Mozley] cannot now complain that defendant and its counsel took [the suit] too seriously." Based on the record before us, we hold that the Board met its burden of proving that the attorneys' fees and costs it incurred were reasonable. See Chawla v. BurgerBusters, Inc., 255 Va. 616, 623-24, 499 S.E.2d 829, 833 (1998); Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. P'ship, 253 Va. 93, 96, 480 S.E.2d 471, 473 (1997).

We also agree with the Board that it is entitled to have this case remanded to the chancellor for an additional award of reasonable attorneys' fees and costs incurred in defending against Mozley's appeal. Such fees and costs are recoverable because they were incurred in the defense of a suit related to the condominium's common elements. See Code §§ 55-79.53(A) and -79.80(B).

For these reasons, we will affirm the chancellor's award of attorneys' fees and costs to the Board based on the provisions of Code § 55-79.53(A), reverse the chancellor's holding interpreting

9

Code § 55-79.84, and enter judgment in the amount of $15,855.08 in favor of the Board. We also will remand the case to the chancellor for an award of reasonable attorneys' fees and costs incurred by the Board in the defense of this appeal, with direction that the chancellor enter final judgment for the total amount of attorneys' fees awarded in this case.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>