## CIRCUIT COURT OF THE CITY OF NORFOLK

Richard L. Clark et al.

v.

Bay Point Condo. Ass'n, Inc.

February 13, 2003

Case No. (Chancery) 02-2138

BY JUDGE JOSEPH A. LEAFE

This issue comes before the Court on Defendants' Motion for Attorneys' Fees and Costs. For the reasons stated below, the Court grants Defendants' motion and awards $6,000.00 to Defendants for attorney's fees. Plaintiffs Richard L. Clark and David Carlson are responsible for that amount.

*Background and Facts*

Plaintiffs Clark and Carlson brought this action against Defendants Bay Point Condominium Association and its executives in an effort to prevent the association from completing necessary repairs and assessing the condominium unit owners for the cost of those repairs. The Court found that the association was acting within its rights and overruled Plaintiffs' Motions for Preliminary and Permanent Injunctions. Defendant now seeks an award of attorney's fees under the provisions of the Condominium Act.

*Discussion*

Section 55-79.53 of the Code of Virginia provides that:

The declarant, every unit owner, and all those entitled to occupy a unit shall comply with all lawful provisions of this chapter and

all provisions of the condominium instruments. Any lack of such compliance shall be grounds for an action or suit to recover sums due. . . . The prevailing party shall be entitled to recover reasonable attorneys' fees and costs expended in the matter.

Va. Code § 55-79.53(A) (2001).

The Supreme Court of Virginia analyzed the provision for attorney's fees in § 55-79.53 in *Mozley v. Prestwould Bd. of Dirs.*, 264 Va. 549, 570 S.E.2d 817 (2002). First, the court identified two types of litigation authorized by the statute. *Id.* at 555, 570 S.E.2d at 821. The first type is actions for failure to comply with provisions of condominium act or the condominium instruments. The second type of litigation, the type involved in *Mozley* and the case at bar, is that of a unit owners' association bringing suit in its own name to assert claims or to defend against claims. The court found that the plain language of the code section required "an award of attorneys' fees and costs to the prevailing party in both types of litigation authorized by the statute." *Id.* at 556, 570 S.E.2d at 821. Defendants were the prevailing parties in this litigation. The Court overruled Plaintiffs' Motion for a Preliminary Injunction and Plaintiffs' Motion for a Permanent Injunction. Therefore, Defendants are entitled to their attorney's fees and costs.

The person seeking attorney's fees must establish, as an element of his prima facie case, that the fees charged are reasonable. *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. P'ship*, 253 Va. 93, 96, 480 S.E.2d 471, 473 (1997). "In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances." *Id.* (quoting *Mullins v. Richlands Nat'l Bank*, 241 Va. 447, 403 S.E.2d 334 (1991)).

Defendant has submitted a bill for attorney's fees in the amount of $9,325.00. After considering the totality of the circumstances surrounding this litigation and the work completed by the defense attorney, the Court finds that $6,000 is a reasonable amount to award for attorney's fees.

In this case, it would be unfair to force the interveners to contribute to the attorney's fees. They joined the suit directly before it was dismissed. Therefore, the Court orders Plaintiffs Clark and Carlson to pay the attorney's fees in this case.

164

## *Conclusion*

The Court awards attorney's fees to Defendant Bay Point Condominium Association in the amount of $6,000. Plaintiffs Clark and Carlson are the only Plaintiffs responsible for the payment of those fees because the interveners were not involved in this case until directly before the case was dismissed.