PRESENT:  All the Justices

COMMONWEALTH OF VIRGINIA

v.  Record No. 022446   OPINION BY JUSTICE BARBARA MILANO KEENAN
                              September 12, 2003
GERARDO RAMOS DIAZ

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal involves a revocation of a suspended sentence based on an offense that occurred after a conviction in the general district court for which the suspended sentence was imposed, but prior to the withdrawal of an appeal from that conviction.  We consider whether the Court of Appeals erred in holding that the circuit court improperly revoked the suspended sentence on the basis that the circuit court order, affirming the conviction and sentence in the withdrawn appeal, "abrogated" the district court's judgment.

On June 27, 2000, Gerardo R. Diaz was convicted in the Fauquier County General District Court (the district court) of the misdemeanor offense of driving after having been declared an habitual offender, first offense, in violation of Code § 46.2-357.  The district court imposed a sentence of 90 days in jail, with 70 days suspended conditioned on, among other things, Diaz "being of good behavior."  The court ordered Diaz to serve his sentence on consecutive weekends, beginning July 7, 2000.  While attempting to drive home from the courthouse following his conviction on June 27, 2000, Diaz was arrested on a felony

charge of driving after having been declared an habitual offender, second or subsequent offense, in violation of Code § 46.2-357.

On July 5, 2000, Diaz noted an appeal from the district court judgment to the Circuit Court of Fauquier County (the circuit court), but withdrew his appeal on August 1, 2000. Code § 16.1-133, which provides for the withdrawal of an appeal from a district court conviction, states in relevant part:

> [A]ny person convicted in a general district court . . . of an offense not felonious may, at any time before the appeal is heard, withdraw an appeal which has been noted, pay the fine and costs to such court, and serve any sentence which has been imposed.
>
> . . . If the appeal is withdrawn more than ten days after conviction, the circuit court shall forthwith enter an order affirming the judgment of the lower court . . . .

Three days after Diaz withdrew his appeal, the circuit court entered an order stating that the court "confirm[ed]" the district court's judgment. The circuit court imposed the same sentence that Diaz received in the district court, including the partial suspension of sentence conditioned on his good behavior.

Diaz later pleaded guilty to the June 27, 2000 felony offense and was sentenced to a term of imprisonment of one year and two months. Thereafter, the circuit court ordered Diaz to show cause why his suspended sentence on the misdemeanor conviction should not be revoked.

During a revocation hearing, Diaz argued that the circuit court lacked authority to revoke his suspended sentence on the misdemeanor conviction, contending that the period of his "good behavior" did not begin until the circuit court affirmed the district court judgment. The circuit court revoked the suspended portion of Diaz's sentence on the misdemeanor conviction and ordered him to serve 70 days in jail, the balance of his original 90-day sentence.

Diaz appealed from this judgment to the Court of Appeals, which reversed the circuit court's judgment. Diaz v. Commonwealth, 38 Va. App. 713, 714, 718, 568 S.E.2d 401, 402-03 (2002). The Court stated:

> [W]hen [an] appeal is withdrawn more than ten days after the district court conviction, action by the circuit court is required. Although the required action is the affirmation of the district court judgment, the action is nonetheless the judgment of the circuit court. The judgment of the district court is abrogated.

Id. at 717, 568 S.E.2d at 403. The Court concluded that Diaz's appeal of the district court judgment on the misdemeanor conviction suspended the operation of that judgment and that, "[a]fter the expiration of ten days, the charge continued as an open proceeding in the circuit court, subject to retrial de novo . . . or withdrawal." Id. The Court held that the circuit court order affirming the district court judgment "superseded and abrogated" that judgment and, thus, that the sentence and

partial suspension of sentence imposed by the district court "were not in force" when Diaz committed the June 27, 2000 felony offense. Id. at 717-18, 568 S.E.2d at 403.

On appeal to this Court, the Commonwealth argues that the Court of Appeals erred in holding that the circuit court order affirming the district court judgment abrogated that same judgment. The Commonwealth asserts that under the plain language of Code § 16.1-133, the circuit court's order merely affirmed the district court's judgment, which was not annulled because a trial de novo did not occur in the circuit court. The Commonwealth contends that Diaz's period of good behavior on the misdemeanor conviction began on June 27, 2000, the date of his conviction in the district court, and that he committed the felony offense while he was subject to a revocation of his suspended sentence on the misdemeanor conviction.

In response, Diaz argues that he was not subject to a revocation of the suspended sentence imposed by the district court because his appeal to the circuit court suspended the execution of that sentence. He further asserts that the circuit court order affirming the district court judgment abrogated that prior judgment. Thus, he contends that his period of good behavior on the misdemeanor conviction did not begin until the

4

circuit court entered its order affirming his conviction by the district court.[*] We disagree with Diaz's arguments.

Under basic principles of statutory construction, we must determine the General Assembly's intent from the words contained in a statute. Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003); Thomas v. Commonwealth, 256 Va. 38, 41-42, 501 S.E.2d 391, 393 (1998). When the language of a statute is unambiguous, we are bound by the plain meaning of that language and may not assign the words a construction that amounts to holding that the General Assembly did not mean what it actually stated. Williams, 265 Va. at 271, 576 S.E.2d at 470; Mozley v. Prestwould Bd. of Dirs., 264 Va. 549, 554, 570 S.E.2d 817, 820 (2002).

We conclude that the language of Code § 16.1-133 is unambiguous and dictates that a district court judgment remains valid when an appeal has been noted but has been withdrawn more than ten days after the date of that judgment. Our conclusion is based primarily on the General Assembly's use of the word "affirming," which identifies the relationship between the final

---

[*] Diaz does not contend here, nor did he contend in the Court of Appeals, that the revocation proceedings should have been initiated in the general district court, rather than in the circuit court. Therefore, we are not presented with that issue in this appeal but merely observe that the circuit court's order affirming the district court judgment permitted the circuit court to enforce the terms of its own judgment order.

judgment orders of the district and circuit courts when an appeal is withdrawn in the stated time period.

The word "affirm" is defined as "[t]o ratify, uphold, approve." Black's Law Dictionary 59 (6th ed. 1990). By requiring the circuit court to enter an order "affirming" the district court judgment, the statutory language indicates that the general district court judgment in the withdrawn appeal remains in effect and is ratified by the circuit court order.

This interpretation is in accord with the general rule that a de novo hearing on the merits of an appeal must actually begin in the circuit court before a district court judgment is annulled. We explained this principle in Commonwealth v. Zamani, 256 Va. 391, 507 S.E.2d 608 (1998), in the context of Code § 16.1-133.1, which provides a 60-day period for reopening a case in a district court after entry of a judgment by that court.

We held that during the 60-day period following entry of a district court judgment, the district court retains jurisdiction to reopen a case although a defendant has noted an appeal to the circuit court, unless a de novo hearing on the merits of the case has commenced in the circuit court. Zamani, 256 Va. at 397, 507 S.E.2d at 610. We emphasized that during this 60-day period, a district court's jurisdiction is unaffected even when

6

a circuit court summarily affirms the district court judgment after an appeal is withdrawn under Code § 16.1-133.  Id.

Based on the language of Code § 16.1-133 and our holding in Zamani, we conclude that the district court judgment convicting Diaz of the misdemeanor offense remained in effect throughout the proceedings in this case.  When Diaz noted his appeal from the district court judgment, that judgment was stayed but remained a valid judgment while the appeal was pending.  Because the circuit court order affirmed the district court judgment upon Diaz's withdrawal of his appeal, the circuit court order did not annul or abrogate the district court judgment but ratified the conviction and sentence imposed by the district court.  Therefore, the original district court judgment remained in effect after the circuit court entered the order affirming that judgment under Code § 16.1-133.

Finally, we observe that we previously have stated that an appeal to a circuit court from a district court judgment annuls that prior judgment.  See, e.g., Santen v. Tuthill, 265 Va. 492, 496, 578 S.E.2d 788, 791 (2003); Buck v. City of Danville, 213 Va. 387, 388, 192 S.E.2d 758, 759 (1972); Gaskill v. Commonwealth, 206 Va. 486, 490-91, 144 S.E.2d 293, 296-97 (1965).  However, in each of these decisions, our statement was made concerning the process of appeals in which a trial de novo has actually commenced in the circuit court on the merits of the

7

case. We explained that in a trial de novo, the circuit court disregards the judgment of the district court, hears the evidence anew and may consider new evidence, and makes final disposition of the case as if the case had not proceeded to judgment in the district court. See Addison v. Salyer, 185 Va. 644, 650, 40 S.E.2d 260, 263 (1946); Malouf v. City of Roanoke, 177 Va. 846, 855, 13 S.E.2d 319, 322 (1941); Thomas Gemmell, Inc. v. Svea Fire & Life Ins. Co., 166 Va. 95, 98, 184 S.E. 457, 458 (1936). Therefore, the annulment of the district court judgment in such a situation occurs because a trial de novo has commenced on the merits of the case, an event that did not occur in Diaz's case.

For these reasons, we hold that the Court of Appeals erred in concluding that the circuit court erroneously revoked the suspended portion of Diaz's sentence on the misdemeanor conviction. We will reverse the judgment of the Court of Appeals and reinstate the revocation of Diaz's suspended sentence in accordance with the judgment order of the circuit court.

Reversed and final judgment.

JUSTICE KOONTZ, dissenting.

I respectfully dissent. In my view, the Court of Appeals in this case reached the right result in reversing the judgment of the Fauquier County Circuit Court, but its legal analysis was

flawed. The majority here correctly addresses that flawed analysis, but nevertheless reaches the wrong result in permitting the judgment of the circuit court to stand. For the reasons that follow, I would affirm the judgment of the Court of Appeals.

The facts, as recited by the majority, are undisputed and need not be repeated here. The gist of the legal analysis applied by the Court of Appeals to those facts is that the order of a circuit court that affirms the judgment of a district court when an appeal is withdrawn more than ten days after conviction pursuant to Code § 16.1-133 "supersedes and abrogates the district court judgment from which the appeal is taken." Diaz v. Commonwealth, 38 Va. App. 713, 716, 568 S.E.2d 401, 403 (2002). The Commonwealth eloquently highlights the flaw in this analysis when it now asserts that Code § 16.1-133 does not contemplate a judgment of the circuit court that affirms a district judgment and also abrogates the same judgment.

In pertinent part, Code § 16.1-133 provides that, when an appeal is withdrawn more than ten days after a conviction in the district court, the "circuit court shall forthwith enter an order affirming the judgment of the lower court." This statutory language could not be more clear. The majority correctly refutes the analysis of the Court of Appeals that the judgment of the circuit court abrogates the judgment of the

9

lower court and correctly concludes that the circuit court's order "ratifies" the judgment of the district court.

The analysis of the present case, however, should not end with the conclusion that under Code § 16.1-133 the result of the circuit court's order is the ratification of the district court order. This case presents a procedural tangle left unresolved by that conclusion. The question remains whether the circuit court or the district court was the proper court to consider subsequent violations of the conditions of the suspended sentence imposed by the judgment of the district court that had been so affirmed or ratified.

Code § 19.2-303 authorizes "the court" after conviction, among other things, to suspend a sentence and, in addition, to place the accused on probation under conditions as the court determines. Code § 19.2-306(A) then appropriately authorizes "the court" to revoke the suspension of sentence "for any cause the court deems sufficient that occurred at any time within the probation period, or if none, within the period of suspension fixed by the court." Beyond question, in conjunction with each other, these statutes contemplate the action of one court and not two separate courts. Stated differently, "the court" that imposes a suspended sentence and a period of probation under Code § 19.2-303 is "the court" authorized under Code § 19.2-306 to revoke that suspended sentence.

10

In the present case, the majority permits the circuit court to revoke the suspended sentence which, along with a period of probation, was imposed upon Gerardo Ramos Diaz by the Fauquier County General District Court on June 27, 2000, based upon the conclusion that the district court's judgment "remained in effect after the [Circuit Court of Fauquier County] entered the order [of August 1, 2000] affirming that judgment under Code § 16.1-133," and the violation occurred on June 27, 2000. On the other hand, the Court of Appeals concluded that because the district court's judgment was abrogated, the violation did not occur within the period of suspension or probation imposed by the circuit court on August 1, 2000 and, thus, the circuit court erred in revoking the suspended sentence in question. In this context, while I agree with the majority that the order of the circuit court did not abrogate the judgment of the district court, it must necessarily follow that the circuit court was thereafter without jurisdiction under Code § 16.1-306 to revoke the suspended sentence imposed by the district court because it was the judgment of the district court that formed the basis of the revocation proceeding. In short, the Commonwealth simply initiated the show cause proceeding in the wrong court in this particular case.

Finally, the argument can be made that Diaz did not raise the issue of the circuit court's jurisdiction. Indeed such may

11

be the case.  However, this is of no moment because we have repeatedly held that the lack of subject matter jurisdiction may be raised at any time, even by this Court sua sponte.  See, e.g., Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999); Garrett v. Majied, 252 Va. 46, 48, 471 S.E.2d 479, 480 (1996); Thacker v. Hubard, 122 Va. 379, 386, 94 S.E. 929, 930 (1918).  Here, the only matter before the circuit court on August 1, 2000 was to "forthwith enter an order affirming the judgment of the lower court" pursuant to Code § 16.1-133.  Upon entry of that order, the judgment of the district court was ratified.  Thereafter, there was no statutory authority for the circuit court to conduct a show cause proceeding against Diaz to enforce the district court order.

For these reasons, I would hold that the Court of Appeals reached the right result in reversing the judgment of the circuit court.