JUSTICE KOONTZ,
dissenting.
I respectfully dissent. In my view, the Court of Appeals in this case reached the right result in reversing the judgment of the Fauquier County Circuit Court, but its legal analysis was flawed. The majority here correctly addresses that flawed analysis, but neverthe *267 less reaches the wrong result in permitting the judgment of the circuit court to stand. For the reasons that follow, I would affirm the judgment of the Court of Appeals.
The facts, as recited by the majority, are undisputed and need not be repeated here. The gist of the legal analysis applied by the Court of Appeals to those facts is that the order of a circuit court that affirms the judgment of a district court when an appeal is withdrawn more than ten days after conviction pursuant to Code § 16.1-133 “supersedes and abrogates the district court judgment from which the appeal is taken.” Diaz v. Commonwealth, 38 Va. App. 713, 716, 568 S.E.2d 401, 403 (2002). The Commonwealth eloquently highlights the flaw in this analysis when it now asserts that Code § 16.1-133 does not contemplate a judgment of the circuit court that affirms a district judgment and also abrogates the same judgment.
In pertinent part, Code § 16.1-133 provides that, when an appeal is withdrawn more than ten days after a conviction in the district court, the “circuit court shall forthwith enter an order affirming the judgment of the lower court.” This statutory language could not be more clear. The majority correctly refutes the analysis of the Court of Appeals that the judgment of the circuit court abrogates the judgment of the lower court and correctly concludes that the circuit court’s order “ratifies” the judgment of the district court.
The analysis of the present case, however, should not end with the conclusion that under Code § 16.1-133 the result of the circuit court’s order is the ratification of the district court order. This case presents a procedural tangle left unresolved by that conclusion. The question remains whether the circuit court or the district court was the proper court to consider subsequent violations of the conditions of the suspended sentence imposed by the judgment of the district court that had been so affirmed or ratified.
Code § 19.2-303 authorizes “the court” after conviction, among other things, to suspend a sentence and, in addition, to place the accused on probation under conditions as the court determines. Code § 19.2-306(A) then appropriately authorizes “the court” to revoke the suspension of sentence “for any cause the court deems sufficient that occurred at any time within the probation period, or if none, within the period of suspension fixed by the court.” Beyond question, in conjunction with each other, these statutes contemplate the action of one court and not two separate courts. Stated differently, “the court” that imposes a suspended sentence and a period of pro *268 bation under Code § 19.2-303 is “the court” authorized under Code § 19.2-306 to revoke that suspended sentence.
In the present case, the majority permits the circuit court to revoke the suspended sentence which, along with a period of probation, was imposed upon Gerardo Ramos Diaz by the Fauquier County General District Court on June 27, 2000, based upon the conclusion that the district court’s judgment “remained in effect after the [Circuit Court of Fauquier County] entered the order [of August 1, 2000] affirming that judgment under Code § 16.1-133,” and the violation occurred on June 27, 2000. On the other hand, the Court of Appeals concluded that because the district court’s judgment was abrogated, the violation did not occur within the period of suspension or probation imposed by the circuit court on August 1, 2000 and, thus, the circuit court erred in revoking the suspended sentence in question. In this context, while I agree with the majority that the order of the circuit court did not abrogate the judgment of the district court, it must necessarily follow that the circuit court was thereafter without jurisdiction under Code § 16.1-306 to revoke the suspended sentence imposed by the district court because it was the judgment of the district court that formed the basis of the revocation proceeding. In short, the Commonwealth simply initiated the show cause proceeding in the wrong court in this particular case.
Finally, the argument can be made that Diaz did not raise the issue of the circuit court’s jurisdiction. Indeed such may be the case. However, this is of no moment because we have repeatedly held that the lack of subject matter jurisdiction may be raised at any time, even by this Court sua sponte. See, e.g., Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999); Garrett v. Majied, 252 Va. 46, 48, 471 S.E.2d 479, 480 (1996); Thacker v. Hubard, 122 Va. 379, 386, 94 S.E. 929, 930 (1918). Here, the only matter before the circuit court on August 1, 2000 was to “forthwith enter an order affirming the judgment of the lower court” pursuant to Code § 16.1-133. Upon entry of that order, the judgment of the district court was ratified. Thereafter, there was no statutory authority for the circuit court to conduct a show cause proceeding against Diaz to enforce the district court order.
For these reasons, I would hold that the Court of Appeals reached the right result in reversing the judgment of the circuit court.