COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia


JOHN LUKE VOGT

                                        MEMORANDUM OPINION* BY
v.        Record No. 0319-11-2        CHIEF JUDGE WALTER S. FELTON, JR.
                                               MAY 22, 2012
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Margaret P. Spencer, Judge

            Catherine French, Senior Appellate Coordinator (Virginia Indigent
            Defense Commission, on briefs), for appellant.

            Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        John Luke Vogt ("appellant") appeals from his conviction of possession of

methamphetamine, in violation of Code § 18.2-250.  Appellant asserts the Circuit Court for the

City of Richmond ("circuit court") erred by convicting him of that offense and not dismissing the

charge against him, contending he fulfilled the terms and conditions of the circuit court's order,

entered pursuant to Code § 18.2-251, requiring good behavior, supervised probation, substance

abuse assessment, and other terms and conditions for a period of one year.

                                    I.  BACKGROUND

        On October 10, 2009, appellant was arrested for possession of methamphetamine, a Class 5

felony, in violation of Code § 18.2-250, and possession of less than one ounce of marijuana with

intent to distribute, a Class 1 misdemeanor, in violation of Code § 18.2-248.1.  On December 16,

2009, appellant was tried and convicted in the general district court for the misdemeanor possession

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of marijuana charge, and appealed that conviction to the circuit court on the same day. On January 4, 2010, appellant was indicted for felony possession of methamphetamine.

On February 8, 2010, while his appeal of his December 16, 2009 misdemeanor marijuana conviction was pending in the circuit court, the Commonwealth and appellant entered into a plea agreement regarding the felony possession of methamphetamine charge in the same court. That agreement provided in part:

> 1. That the [circuit] [c]ourt withhold entering a judgment of guilt, defer further proceedings and place [appellant] on probation upon terms and conditions pursuant to . . . Code § 18.2-251; and
>
>       \*     \*     \*     \*     \*     \*     \*
>
> 4. That [appellant] shall:
> a. Successfully complete the [substance abuse] treatment or education program; and
> b. Remain drug and alcohol free during the period of probation; and
>
>       \*     \*     \*     \*     \*     \*     \*
>
> 6. That [appellant] shall keep the peace, be of good behavior, and not violate the laws of the Commonwealth or any other jurisdiction; and
> 7. That upon fulfillment of the terms and conditions at the end of one (1) year, the [circuit] [c]ourt shall dismiss the charge; and
> 8. That the [circuit] [c]ourt may set other conditions that are not covered in this plea agreement but are agreeable to all parties.

On February 22, 2010, the circuit court found the evidence sufficient to convict appellant of possession of methamphetamine and entered an order accepting the proffered plea agreement, consistent with Code § 18.2-251.[1] The circuit court deferred judgment on the methamphetamine offense and continued the case for one year until February 9, 2011. The circuit court ordered that, "[u]pon fulfillment of the terms and conditions at the end of one (1) year, the [circuit] [c]ourt shall

---

[1] Code § 18.2-251 permits a circuit court to withhold judgment when an accused pleads guilty to possession of methamphetamine in violation of Code § 18.2-250, so long as the accused has not previously been convicted of an offense under Title 18.2, Chapter 7, Article 1, including Code § 18.2-248.1.

dismiss the charge." Shortly thereafter, on March 3, 2010, appellant withdrew his appeal of the December 16, 2009 misdemeanor marijuana conviction to the circuit court.

At the hearing before the circuit court on February 9, 2011, one year after it entered its order deferring a finding of guilt on the possession of methamphetamine charge, the circuit court found that appellant violated the terms of its February 22, 2010 order by (i) failing to submit to drug screens on two of the six dates that his probation officer directed him to submit drug screens, and (ii) failing to keep the peace and be of good behavior in the year preceding the February 9, 2011 hearing.[2] Finding that appellant failed to comply with its order and plea agreement and that the evidence was sufficient to prove his guilt, the circuit court convicted appellant of possession of methamphetamine, in violation of Code § 18.2-250, and sentenced him to four years' imprisonment with four years suspended for a period of ten years, upon certain terms and conditions.

## II. ANALYSIS

Appellant asserts the circuit court erred by finding that he failed to comply with the terms and conditions of its order and convicting him of possession of methamphetamine, in violation of Code § 18.2-250. He contends that the circuit court erred in considering his conviction for misdemeanor possession of marijuana as a basis for not being of good behavior because that conviction predated the plea agreement and his probation period for the methamphetamine

---

[2] The circuit court predicated its finding that appellant failed to keep the peace and be of good behavior on the assumption that appellant had been convicted in the circuit court for misdemeanor possession of marijuana with intent to distribute on March 3, 2010, the date he withdrew his appeal to the circuit court. We note that the Supreme Court held in Commonwealth v. Diaz, 266 Va. 260, 265, 585 S.E.2d 552, 555 (2003), that the general district court judgment in a withdrawn appeal remains in effect and is merely affirmed by a subsequent circuit court order. See also Code § 16.1-133 ("If the appeal is withdrawn more than ten days after conviction, the circuit court shall . . . enter an order *affirming the judgment* of the lower court . . . ." (emphasis added)). Where, as here, a *de novo* hearing on the merits of appellant's appeal had not begun in the circuit court prior to appellant withdrawing his misdemeanor appeal, the general district court's December 16, 2009 conviction order remained in full force and effect. Diaz, 266 Va. at 265, 585 S.E.2d at 555.

offense. He further asserts he committed no offense and was not convicted of any offense between February 22, 2010, the date the circuit court entered its order, and February 9, 2011, the date the circuit court considered whether he had complied with the terms of the plea agreement and order. He contends that the circuit court erred by not dismissing the indictment against him for possession of methamphetamine, that he was eligible for disposition under Code § 18.2-251, and that he complied with the terms of the plea agreement. He also contends, for the first time on appeal, that the circuit court improperly considered two letter reports from his probation officer communicating that appellant missed two scheduled drug screens, arguing that the letter reports were not admitted into evidence.

Statutes that permit the circuit court to impose alternatives to incarceration, such as Code § 18.2-251, are "highly remedial" in nature and are liberally construed to provide circuit courts valuable tools for rehabilitation of criminals. Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). This Court reviews adjudications of guilt under Code § 18.2-251 for an abuse of discretion by the circuit court. Connelly v. Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992).

## Rule 5A:18

Here, the circuit court found that appellant violated the circuit court's deferred disposition order because he failed to submit two drug screens to his probation officer. Appellant asserts this finding was in error because the letter reports from the probation officer were not admitted into evidence. However, appellant raised no objection at the February 9, 2011 hearing to the circuit court's considering the probation officer's letter reports to the court.[3] It is well settled that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was

---

[3] The probation officer's written reports, one dated August 23, 2010 and filed August 27, 2010, and another dated August 30, 2010 and filed September 2, 2010, were in appellant's circuit court file at the time of the circuit court's ruling.

stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. To the extent appellant failed to present his argument to the circuit court, he asks that we consider it under the "ends of justice" exception to Rule 5A:18.

> "'The ends of justice exception is narrow and is to be used sparingly'" and only when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10 (1989)). Moreover, the record must "'affirmatively show[] that a miscarriage of justice has occurred not . . . that a miscarriage might have occurred.'" Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

Benton v. Commonwealth, 40 Va. App. 136, 144, 578 S.E.2d 74, 77 (2003).

In Redman, the Court held that

> [i]n order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth failed to prove an element of the offense. . . . In order to show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Redman, 25 Va. App. at 221-22, 487 S.E.2d at 272-73 (emphases omitted).

Here, appellant raised no objection at the hearing to the circuit court's considering the probation officer's letter reports, did not argue that his failure to submit to two scheduled drug screens did not constitute a violation of the circuit court's order, and did not assert that the probation officer failed to direct him to submit to the two scheduled drug screens. See Code § 18.2-251 (as a condition for probation under this section, "the [circuit] court shall require the accused . . . to remain drug and alcohol free during the period of probation and submit to such tests during that period as may be necessary and appropriate to determine if the accused is drug and alcohol free"). The circuit court formally announced from the bench the contents of the

reports, as well as its intent to consider those reports in determining whether appellant complied with his probation. Had appellant made a specific and timely objection to the circuit court's consideration of his reported failure to submit to the scheduled drug screens, the circuit court would have had the opportunity to consider his objection and any response from the Commonwealth. Because the record on appeal does not show that any miscarriage of justice occurred, the Court will not consider appellant's assertion that the circuit court erred in considering the letter reports from his probation officer to the circuit court, filed in the circuit court file, that appellant failed to submit to two drug screens as required.

When determining whether an accused has complied with the terms of a plea agreement, the circuit court retains "full authority to independently evaluate [an accused's] compliance." Connelly, 14 Va. App. at 890, 420 S.E.2d at 245. Here, the circuit court did not abuse its discretion in finding that appellant violated the terms of the plea agreement, as well as the circuit court's order, by failing to submit to two drug screens, and convicting him for possession of methamphetamine.

Because we hold the circuit court did not err in convicting appellant for possession of methamphetamine because he failed to submit to drug screens as required by the circuit court's order, we need not address appellant's contention that the circuit court erred in finding he violated the circuit court's order by failing to keep the peace and be of good behavior. See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) ("[A]n appellate court decides cases 'on the best and narrowest ground available.'" (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))). Accordingly, the circuit court's judgment is affirmed.

Affirmed.