COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Athey
Argued at Fredericksburg, Virginia

MARK A.V. RACKHAM AND
 OLGA M. RACKHAM

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0959-22-4            JUDGE CLIFFORD L. ATHEY, JR.
                                                         JUNE 13, 2023

BASHEER/EDGEMOORE-PROPERTIES, L.L.C.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Grace Burke Carroll, Judge

Phillip B. Leiser (The Leiser Law Firm, on briefs), for appellants.

Michael J. Kalish (Walsh, Colucci, Lubeley & Walsh, P.C., on brief),
for appellee.

Mark A.V. Rackham and Olga M. Rackham ("the Rackhams") appeal from an order

granting Basheer/Edgemoore-Properties, L.L.C.'s ("Basheer") plea in bar with prejudice in the

Circuit Court of Fairfax County ("circuit court"). The Rackhams contend that the circuit court

erred by dismissing their complaint with prejudice for lack of subject matter jurisdiction. The

Rackhams also assign error to the circuit court's holding that the general district court judgment

from which they appealed had not been annulled when their case was nonsuited. Finding no

error, we affirm the judgment of the circuit court.

I. BACKGROUND

In 2007, the Rackhams executed a contract with Basheer-Edgemoore-River Falls, L.L.C.

for the construction of a new home by Basheer in Prince William County. The construction

contract represented to the Rackhams that the wastewater disposal system "was installed

---

[*] This opinion is not designated for publication. See Code § 17.1-413.

pursuant to a valid health department permit, and . . . appear[ed] to be functioning in a satisfactory manner." Subsequently, the wastewater disposal system's grinder pump malfunctioned, and the Rackhams sought $25,000 in damages based on constructive fraud in a warrant-in-debt action they brought against Basheer in 2017.[1] At trial, the general district court granted Basheer's motion to strike and dismissed the case.

The Rackhams appealed the general district court's dismissal to the circuit court but nonsuited their de novo appeal on June 27, 2018, prior to trial. Six months later on December 27, 2018, the Rackhams filed a complaint against Basheer in the circuit court. Based upon the same facts, the Rackhams alleged constructive fraud, fraud in the inducement, and actual fraud, seeking $20,000 in compensatory damages and $29,998 in punitive damages. Basheer filed a plea in bar, asserting that the complaint was barred by res judicata. Following a hearing held on June 3, 2022, the circuit court granted Basheer's plea in bar and dismissed the case with prejudice on the same day. The Rackhams appealed.

## II. ANALYSIS

### A. *Standard of Review*

"[A]n issue of statutory interpretation is a pure question of law which we review de novo." *Davis v. Cnty. of Fairfax*, 282 Va. 23, 28 (2011) (alteration in original) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)); *see also* Code §§ 8.01-380, 16.1-106.

### B. *The circuit court did not err by dismissing the Rackhams' case with prejudice.*

On appeal, the Rackhams contend that the circuit court erred by dismissing their case because "the perfection of [their] appeal" annulled the judgment of the general district court. They

---

[1] The Rackhams also sued Basheer/Edgemoore-River Falls, L.L.C. but nonsuited the claim before trial in general district court.

also argue that, to the extent *Robert and Bertha Robinson Family, LLC v. Allen*, 295 Va. 130, 150 (2018), addresses this issue, such discussion is "obiter dicta." We disagree.

In April 2022, the General Assembly amended Code § 8.01-380 by adding subsection F which states, "[u]pon the timely perfection of an appeal from a judgment of a general district court, pursuant to § 16.1-106, a party may suffer a nonsuit as otherwise set forth in this section, and such nonsuit shall annul the judgment of the general district court." Code § 8.01-380(F). Since this amendment simply prescribes a method "of obtaining redress or enforcement of rights," as opposed to creating "duties, rights, and obligations," it only affects procedure. *Montgomery v. Commonwealth*, 75 Va. App. 182, 190 (2022) (quoting *Shiflet v. Eller*, 228 Va. 115, 120 (1984)). Accordingly, it could potentially be given "retroactive effect." *Id.* This principle, regarding retroactive application of new procedural statutes or amendments, is codified in Code § 1-239 which states:

> No new act of the General Assembly shall be construed to repeal a former law, as to any offense committed against the former law . . . ; except that the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new act of the General Assembly, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new act of the General Assembly takes effect.

However, pursuant to this statute, courts are not required "to alter the legal consequences of a proceeding that has already taken place, but to instead look at the law at the time of the procedure and apply that law, no matter when the substance of any cause of action arose." *Montgomery*, 75 Va. App. at 193. "Indeed, no Virginia case has ever held that a procedural amendment to a rule or statute applies to attach different legal consequences to a procedure that took place before the amendment." *Id.*

Here, the Rackhams nonsuited their case in circuit court on June 27, 2018. They refiled the current case on December 27, 2018. The General Assembly amended Code § 8.01-380 to include subsection F, effective immediately, on April 8, 2022. The circuit court held a hearing on Basheer's plea in bar and granted it on June 3, 2022. So, although Code § 8.01-380(F) is procedural and was enacted when the circuit court ruled on Basheer's plea in bar, all the relevant proceedings took place *before* the General Assembly amended Code § 8.01-380. Had the Rackhams' pre-trial nonsuit in circuit court taken place the day after the amendment, the nonsuit would have annulled the judgment of the general district court. But since "the procedural aspects of the case are governed by 'the law in effect when the procedure itself takes place,'" and the nonsuit here took place before the amendment, the proceedings are governed by the state of the law on June 27, 2018. *Gionis v. Commonwealth*, 76 Va. App. 1, 13 (2022) (quoting *Montgomery*, 75 Va. App. at 191 n.7).

At that time, when a party appealed a judgment from general district court to circuit court, the general district court's judgment was only annulled "after 'a trial de novo had commenced'" in the circuit court "'on the merits of the case.'" *Allen*, 295 Va. at 150 (quoting *Commonwealth v. Diaz*, 266 Va. 260, 266 (2003)). "At a trial de novo, 'the circuit court disregards the judgment of the district court, hears the evidence anew and may consider new evidence, and makes final disposition of the case as if the case had not proceeded to judgment in the district court.'" *Id.* (quoting *Diaz*, 266 Va. at 266). "The 'event' that triggers the 'annulment of the district court judgment' is the trial de novo, not the notice of appeal." *Id.* (quoting *Diaz*, 266 Va. at 266).

We do not think the Supreme Court's guidance could be much clearer. Hence, we find *Allen*, which was published approximately four months before the Rackhams' nonsuit, controlling and therefore applicable here. Since the Rackhams nonsuited their appeal to the

circuit court before the commencement of trial, no trial in the circuit court ever commenced and the general district court's judgment was never annulled. Since the general district court's judgment was never annulled, that judgment was final and remains in effect. Thus, the circuit court did not err in holding that the Rackhams' subsequent complaint in circuit court was barred by res judicata. Because the Rackhams' claim is precluded, we need not reach their remaining assignment of error.

### III. CONCLUSION

Based on the foregoing analysis, we affirm the judgment of the circuit court.

*Affirmed.*