# Richmond

RICHARD THOMAS HEWITT, JR. v. COMMONWEALTH OF VIRGINIA.

March 5, 1973.

Record No. 8091.

Present, All the Justices.

*Humes J. Franklin, Jr.* (*Franklin, Poindexter & Franklin,* on brief), for plaintiff in error.

*William A. Carter, III, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Richard Thomas Hewitt, Jr. was tried by the court without a jury on an indictment charging him with larceny of a pickup truck. He was found guilty of unauthorized use of a vehicle in violation of Code § 18.1-164[1] and sentenced to serve six months in jail. We granted Hewitt a writ of error to determine whether the evidence supports the finding of unauthorized use and whether Hewitt could be convicted of unauthorized use when the indictment charged him only with larceny.

On the night of August 12, 1971, Hewitt was a passenger in a station wagon that failed to negotiate a curve on Route 639 in Nelson

[1] "§ 18.1-164. Unauthorized use . . . .—Any person who shall take, drive or use any . . . vehicle, . . . not his own, without the consent of the owner thereof and in the absence of the owner, and with intent temporarily to deprive the owner thereof of his possession thereof, without intent to steal the same, shall be confined in the penitentiary . . . [or] confined in jail. . . ."

County and overturned. None of the five occupants was killed, but Hewitt and another were injured. Leaving their wrecked vehicle the men walked up the road until they found parked in front of a house a pickup truck belonging to Wallace A. Hammer. Some of the group took possession of the truck, and one of them started the vehicle by "hotwiring" it. Because of his injuries, Hewitt did not actively participate in taking or moving the truck, but he rode on it with the others as it was driven about a half mile into Amherst County and up a fire trail. There was some evidence that Hewitt wished to be taken to a hospital, but the group slept in the truck that night and abandoned it on the fire trail the next day before dispersing to their homes.

Counsel for Hewitt argues that the evidence, while sufficient to support a conviction of larceny, is insufficient to support a conviction for unauthorized use. The essential difference between the two offenses is one of intent. A taking of personalty without the owner's consent and with intent to deprive him of possession permanently constitutes common law larceny. *See Vaughan* v. *Lytton*, 126 Va. 671, 679, 101 S.E. 865, 867 (1920); *Black's Law Dictionary* 1023 (4th ed. 1951). A taking of a vehicle with intent to deprive the owner of possession temporarily is unauthorized use under § 18.1-164. Intent may be inferred from the circumstances. Here, Hewitt's slight involvement, his injuries and his desire to be taken to a hospital in the truck were sufficient to justify the trial court in inferring that he did not intend to deprive the owner of possession permanently.

Moreover, although the evidence may tend to prove only the offense charged in the indictment, the finder of fact may nevertheless convict of a lesser offense. *Blankenship* v. *Commonwealth*, 193 Va. 587, 591-92, 70 S.E.2d 335, 337 (1952); *Maxwell* v. *Commonwealth*, 165 Va. 860, 868-69, 183 S.E. 452, 456 (1936).

We have not heretofore determined whether unauthorized use is a lesser offense included under larceny. We hold that it is. In *Slater* v. *Commonwealth*, 179 Va. 264, 18 S.E.2d 909 (1942), and *Robinson* v. *Commonwealth*, 190 Va. 134, 56 S.E.2d 367 (1949), both relied upon by Hewitt, unauthorized use was assumed to be a lesser included offense as the defendants, who were indicted for and convicted of larceny, sought to have the trial court give instructions to the jury on unauthorized use.

Code § 19.1-249 provides:

"If a person indicted of a felony be by the jury acquitted of part of the offense charged, he shall be sentenced for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor . . . ."

Manslaughter and assault and battery are lesser offenses included under murder. *Lee* v. *Commonwealth*, 144 Va. 594, 607-08, 131 S.E. 212, 216-17 (1926); F. Wharton, *Criminal Law* § 33 (12th ed. J. Ruppenthal 1932). Unlawful wounding is a lesser offense included under malicious wounding. Code § 19.1-251; *Montgomery* v. *Commonwealth*, 98 Va. 840, 36 S.E. 371 (1900). The determining factor in each instance is intent, i.e. the presence or absence of malice.

Indecent exposure, Code § 18.1-236, while not a lesser offense included under sodomy because the facts to be proven are not the same, is a lesser offense included under the statutory felony of exposure to certain infants with lascivious intent, Code § 18.1-214, because only the intent differs. *Ashby* v. *Commonwealth*, 208 Va. 443, 158 S.E.2d 657 (1968). Similarly, intent alone distinguishes larceny of a vehicle from unauthorized use.

We conclude that the indictment charging that Hewitt did "feloniously and unlawfully . . . steal" the truck "against the will and without the consent" of the owner sufficiently complied with the provisions of § 19.1-249 to charge unauthorized use. His conviction of the lesser offense is therefore

*Affirmed.*