Braxton RUSSELL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 73–2397.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 3, 1974.

Decided Dec. 27, 1974.

George L. Freeman, Jr., Fairfax, Va. [court-appointed], for appellant.

K. Gregory Haynes, Asst. U. S. Atty. (David H. Hopkins, U. S. Atty., for the Eastern District of Virginia), for appellee.

Before BUTZNER, FIELD, and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge.

Braxton Evan Russell appeals from denial of his motion for relief under 28 U.S.C. § 2255. In these proceedings, both the government and Russell, referring only to the indictment, assume that he was found guilty of possession of cocaine with intent to distribute. Russell

contends that the conviction is invalid because it is dependent on a presumption—since declared unconstitutional—which allowed a finding of intent to distribute to be based solely on the quantity of the drug possessed by the accused. But the record shows Russell was found guilty of a lesser included offense, simple possession, and not the more serious crime of possession with intent to distribute. The presumption, therefore, played no part in his conviction. We remand for resentencing, however, because the district court misapprehended the range of punishment for simple possession.

Russell was indicted for possession of cocaine with intent to distribute under the Assimilative Crimes Act, 18 U.S.C. § 13, and the Virginia Drug Control Act, Va.Code Ann. § 54–524.101(a) (1971 Supp.).[1] He was tried by the court without a jury and sentenced to eight years in the penitentiary. Uncontradicted evidence disclosed that he had possessed approximately eight ounces of 24% cocaine and nine ounces of a cutting material. On direct appeal, Russell contended only that the cocaine had been seized in violation of his fourth amendment rights. We affirmed. United States v. Russell, No. 71–1685 (4th Cir. 1972).

Both Russell and the government acknowledge that the indictment, which expressly charged possession with intent to distribute, also implicitly charged the lesser included offense of simple possession.[2] Cf. Hewitt v. Commonwealth, 213 Va. 605, 194 S.E.2d 893 (1973). There is no doubt about Russell's unlawful possession. Apart from the legality of the search, which has been settled, only his intent is in issue.

Several months after Russell's conviction was affirmed, the Supreme Court of Virginia held in Sharp v. Common-

---

1. Va.Code Ann. § 54–524.101(a) makes it unlawful for any person knowingly or intentionally:

 "(1) To distribute, or to possess with intent to distribute, a controlled drug. . . ."

 § 54–524.81 includes cocaine in its list of controlled drugs.

2. § 54–524.101(c) provides:

 "It is unlawful for any person knowingly or intentionally to possess a controlled drug . . . ."

wealth, 213 Va. 269, 192 S.E.2d 217 (1972), that the following provision of § 54–524.101(a) was unconstitutional:

"A conviction for a violation of this § 54–524.101(a) may be based solely upon evidence as to the quantity of any controlled drug or drugs unlawfully possessed." [3]

Russell contends that his conviction was based on this unconstitutional presumption. He argues that the government introduced no direct evidence of actual or attempted distribution and that the quantity of the drug was insufficient to show intent to distribute without relying on the unconstitutional provision of the Act.

As we have stated, however, the record of Russell's criminal trial indicates that he was found guilty of possession of cocaine, instead of possession with intent to distribute. Therefore, the unconstitutional provision was not used to determine his guilt. After both sides had rested, the district court ruled:

"On the evidence heard the Court finds that this Defendant did on the day in question knowingly have in his possession this controlled drug, to wit, cocaine. The Court is so satisfied that he had it knowingly in his possession and the Court finds him guilty."

The judge's additional remarks clearly indicate that he had reached no firm decision about Russell's intent to distribute. Referring to the presentence investigation, the court said:

"I want to give him the opportunity, if he wants to do it, purely voluntarily,

to give any explanation if any he has what this is all about, and so forth, because there is an awful lot of difference in my mind if a person has it for personal consumption—I am talking about as far as the punishment, and if the record seems to indicate he had it for other purposes, see, and that is why there is a range of potential punishment."

 However, the court could not utilize the presentence report to supply proof of Russell's guilt. *See* Fed.R. Crim.P. 32(c); A.B.A. Standards Relating to Sentencing Alternatives and Procedures § 4.2 (App.Draft 1968). United States v. Pruitt, 341 F.2d 700, 702 (4th Cir. 1965) (dictum).[4] We are confident that the court did not misuse the presentence report in this fashion. The judgment signed after sentencing refers again only to a conviction for simple possession.[5] We conclude, therefore, that Russell's conviction is valid.

At the time of Russell's offense, Virginia law penalized possession of cocaine with intent to distribute by imprisonment for not less than one nor more than forty years. The penalty for simple possession, which is also a felony, was imprisonment for not less than one nor more than ten years or, in the discretion of the court, confinement in jail for not more than twelve months.[6] The transcript of the sentencing proceedings, conducted more than two months after Russell's conviction, discloses that the court took into consideration the forty year maximum penalty instead of the pertinent ten year maximum.

3. The Act was repealed and reenacted without this provision in 1972. Va.Code Ann. § 54–524.101:1 (1974 Supp.).

4. We recognize that intent to distribute a narcotic may be inferred from the amount of the drug in the defendant's possession. United States v. Welebir, 498 F.2d 346 (4th Cir. 1974); United States v. Childs, 463 F.2d 390 (4th Cir. 1972). However, these cases do not allow a presentence report to be used to prove an essential element of the crime.

5. The judgment provided:

"It is adjudged that the defendant upon his plea of not guilty, and a finding of guilty

has been convicted of the offense of Possession of Cocaine—T18 USC 13 as charged in the indictment . . . ."

As we have previously noted, the indictment charged not only possession with intent to distribute but also the lesser included offense of simple possession.

6. Va.Code Ann. §§ 54–524.101(b) and (c); 54–524.81 (1971 Supp.). The penalties also included fines. These sections were repealed and reenacted with modifications in 1972. Va.Code Ann. §§ 54–524.101:1 and 54–524.101:2; 54–524.84:6 (1974 Supp.).

Federal appellate courts are not empowered to review sentences, save in exceptional circumstances. United States v. Pruitt, 341 F.2d 700, 703 (4th Cir. 1965). Review, however, is authorized in proceedings brought pursuant to 28 U.S.C. § 2255 when the record discloses that the sentencing judge misapprehended the pertinent statute governing punishment. Cf. United States v. Lewis, 392 F.2d 440 (4th Cir. 1968). Accordingly, we vacate that part of the judgment sentencing Russell to prison for eight years and remand the case for resentencing under the statute relating to simple possession. We do not disturb that part of the order which adjudges him guilty of possession of cocaine. We find no merit in Russell's other assignments of error.