540 P.2d 802

**The STATE of Idaho, Plaintiff-Respondent,**
**v.**
**Lester R. SEIBER, Defendant-Appellant,**
**and**
**John Rideout Crane, Defendant.**

**No. 11699.**

Supreme Court of Idaho.

Sept. 23, 1975.

Donald E. Downen of Gigray, Downen & Gigray, Caldwell for defendant-appellant.

Wayne Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McQUADE, Chief Justice.

Defendant-appellant Lester R. Seiber and defendant John Rideout Crane were charged by information with the commission of the felony of grand larceny of a motor vehicle,[1] which was alleged to have occurred on or about March 7, 1974, in Canyon County, Idaho. A jury found both defendants guilty as charged in the information upon which judgments of conviction were entered. Lester R. Seiber appeals from this judgment. We affirm.

At trial the complaining witness, Edwin Huskey, testified that at approximately 4:00 p. m. on the afternoon of March 7, 1974, he drove his van truck in front of the 88 Cent Store in Caldwell, Idaho. Then after parking his vehicle, he crossed the street to have a beer at the Cimarron Bar. Sometime later he discovered the van was missing and reported the loss to the Caldwell police. Huskey testified that he had not given anyone permission to take his vehicle, and further stated that he did not know either of the defendants. At the time the van was taken, certain items of personal property belonging to Huskey and used in his business were in the vehicle. Some of the property was sold in Grangeville, Idaho, by the defendants. The purchaser of the property who discovered it to be stolen, and contacted Huskey to return it to him, testified that the defendants sold merchandise to him worth at least two thousand dollars for the sum of $30.00. On or about March 22, 1974, Huskey's vehicle was recovered by police officers in Yakima, Washington, in the possession of both defendants.

The account given by Huskey, complaining witness, of the events surrounding the theft of his vehicle was contradicted by the testimony of defendant Crane. Defendant Crane testified that he had been with Huskey during the day of March 7, 1974. He further testified that Huskey had permitted him to take the vehicle, and he thought he

---

1. I.C. § 18–4604 provides: *"Grand larceny defined.*—Grand larceny is larceny committed in either of the following cases:

(1) When the property taken is of a value exceeding one hundred fifty dollars ($150)."

had permission to use the van to travel to Homedale, Idaho. Crane admitted that he did not have permission to go to Yakima, Washington where he was arrested, or to sell the contents of the van. Crane also stated that he never intended to keep the vehicle nor had he attempted to sell it to anybody. Defendant-appellant Seiber did not testify at trial.

Counsel for both defendant Crane and defendant-appellant Seiber requested that the court instruct the jury as follows:

"You are instructed that if you are not satisfied beyond a reasonable doubt that the defendants are guilty of the offense charged, to-wit, grand larceny, they may however, be found guilty of lesser offense if the evidence is sufficient to establish their guilt of such lesser offense beyond a reasonable doubt.

The offense of grand larceny with which the defendants are charged, necessarily includes the following lesser offense:

Driving vehicle without owner's consent which is defined by Idaho Code Section 49–143 as follows:

'Any person who shall drive a vehicle, not his own, without the consent of the owner thereof, and with intent temporarily to deprive said owner of his possession of such vehicle, without intent to steal the same, shall be guilty of a misdemeanor . . .. Any person who assists in, or is a party or accessory to or an accomplice in any such unauthorized taking or driving shall also be guilty of a misdemeanor.'

Thus if the evidence which has been produced is in your minds sufficient to establish the defendants' guilt of a lesser

offense beyond a reasonable doubt, but is insufficient in your minds to establish the defendants' guilt of the offense charged beyond a reasonable doubt, you may only find the defendants guilty of the lesser included offense."

The trial judge refused this proffered instruction noting thereon: "Refused. Defendant (Crane) testified he had owners consent." Defendant-appellant predicates his sole assignment of error upon this refusal to so instruct the jury.

The major issue raised by this appeal is whether the misdemeanor offense of driving a vehicle without the owner's consent, commonly referred to as "joyriding" is a lesser offense necessarily included in the felony of grand larceny. Appellant argues that it is a lesser included offense, and therefore he was entitled to have this requested instruction read to the jury. We need not decide this issue, because under the facts of this case, the trial court was not obligated to tender the requested instruction.

This Court has long been committed to the rule:

" . . . that it is not error to refuse to instruct the jury that a defendant may be found guilty of a lesser offense when there is no evidence that would reduce the crime charged to such lesser offense." [Cites omitted] [2]

A review of the record discloses that the only verdict a jury could have properly rendered under the evidence adduced at trial, was one of guilty of the offense as charged, or not guilty, depending upon whose version of the events (the complaining witness's or defendant Crane's) they believed. [3]

2. *State v. Elsen*, 68 Idaho 50, 56, 187 P.2d 976, 979 (1947).

3. *See* I.C.R. 30 which provides: "Rule 30. *Instructions.*—At the close of the evidence or at such earlier time as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the request. At the same time copies of such requested instructions shall be furnished to adverse parties. The court shall

inform counsel of its proposed actions upon the requested instructions and shall allow counsel a reasonable time within which to examine and make objections outside the presence of the jury to such instructions or the failure to give requested instructions. Such objections shall state distinctly the matter to which he objects and the grounds of his objections, which objections shall be made a part of the record. No party may assign as error any portion of the change or omission there-

Thus even if we assume for the sake of argument only, that "joyriding" is a lesser included offense within the crime of grand larceny, no error was committed in the trial court's refusal to so instruct the jury, because there was nothing in the evidence to warrant such an instruction.[4]

Judgment affirmed.

McFADDEN, DONALDSON, SHEPARD and BAKES, JJ., concur.

from unless he objects thereto prior to the time that the jury is changed. The court shall instruct the jury prior to final argument."

4. For cases adopting the position that "joyriding" is not a lesser included offense within the crime of grand larceny see *Sandoval v. People*, 176 Colo. 414, 490 P.2d 1298, 1300 (1971); *People v. Thomas*, 58 Cal.2d 121, 23 Cal.Rptr. 161, 373 P.2d 97 (1962); *State v. Jackson*, 101 Ariz. 399, 420 P.2d 270 (1966); *People v. Gilmer*, 182 Colo. 96, 511 P.2d 494 (1973); *Tillman v. State*, 82 Okl. Cr. 276, 169 P.2d 223 (1946); *State v. Wall*, 271 N.C. 675, 157 S.E.2d 363 (1967); *Henry v. State*, 273 Md. 131, 328 A.2d 293 (Ct. of App.1974).
Contra, *State v. Eyle*, 236 Or. 199, 388 P.2d 110 (1963); *Stewart v. State*, 187 So.2d 358 (Fla.Ct. of App.1966); *Commonwealth v. Nace*, 222 Pa.Super. 329, 295 A.2d 87 (1972); *State v. Hawkins*, 203 N.W.2d 555 (Iowa 1973); *Hewitt v. Commonwealth*, 213 Va. 605, 194 S.E.2d 893 (1973).