616 P.2d 261

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Joseph Carlyle PULLIAM, Defendant-Appellant.**

**No. 13130.**

Supreme Court of Idaho.

Aug. 29, 1980.

fine print. Mr. Dallin Reese didn't state, 'Be aware if you sign this you are going to owe us this much money.' Nothing was talked

Patricia L. McDermott of McDermott & McDermott, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Myran A. I. Stahman, Deputy Attys. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

While hitchhiking through Pocatello, Idaho, Joseph Pulliam, admittedly without any consent or permission, appropriated and drove away a dealer's new pickup. In Denver, two days later, he sent the dealer a dollar bill, writing:

"To whom it may concern: Glen's Chevrolet, Pocatello, Idaho. Please accept this consideration as promise of future payment for the below mentioned motor vehicle # CLN 1488224291."

The letter was unsigned, but the envelope listed a return address as "J. C. Pulliam, 6366 4 Bay Club Dr., St. Lawrence, Florida" (address of defendant's father). Pulliam then drove back to Pocatello, where he mailed the letter; he then departed for North Dakota, where he wrote a second letter enclosing another dollar, this time giving his return address as Tulsa, Oklahoma, where his maternal grandmother lived. Apprehended in North Dakota, Pulliam was returned to Idaho to stand trial on a charge

about that. He said it was just five percent commission. I never thought too much more about it."

of grand larceny. At trial Pulliam testified that, while he wanted to keep the pickup, he intended either to pay for it or for its use, but if no arrangements could be worked out he would have returned it. He also testified that his letters were attempts to reassure the dealer that he was not stealing the truck but intended to pay for it. Defendant's attorney requested an instruction on the crime of "joy-riding" as a lesser included offense of the crime of grand larceny.[1] The trial court refused to so instruct, explaining, "I don't think there is any evidence to base it on." Pulliam was found guilty of grand larceny and sentenced to not more than 3 years. He appeals, contending that trial court error in refusing to give the jury the requested instruction on joy-riding entitles him to a new trial.

Pulliam argues first that there is sufficient evidence to support an instruction on joy-riding, and secondly, in response to the state's argument, that joy-riding is a lesser included offense of grand larceny. It is unnecessary for us to consider this latter question of whether joy-riding is a lesser included offense of grand larceny, however, because we find that there was insufficient evidence to require an instruction on joy-riding.

In *State v. Seiber*, 97 Idaho 140, 540 P.2d 802 (1975), the trial court refused to give a requested instruction on joy-riding. There we stated:

> "This Court has long been committed to the rule: '. . . that it is not error to refuse to instruct the jury that a defendant may be found guilty of a lesser offense when there is no evidence that would reduce the crime charged to such lesser offense.' [Cites omitted]." *Id.* at 141, 540 P.2d at 803, quoting *State v. Elsen*, 68 Idaho 50, 56, 187 P.2d 976, 979 (1947).

A review of the record in the present case discloses no evidence that entitled Pulliam to an instruction on the offense of joy-riding. The pickup was taken at night, no attempt was made to contact the owner about working out arrangements to pay for it, although Pulliam had been in possession of the vehicle for twelve days and had driven through several states before he was apprehended. Further, Pulliam had placed a stolen license plate on the vehicle, and, when apprehended told the police that his proof of purchase was in the mail.

Moreover, although Pulliam had three years of college and claimed some familiarity with the law, nowhere in his testimony did he state that he had only intended to "temporarily" deprive the owner of possession. Rather, Pulliam maintained simply that he had intended to pay for the vehicle or for the use of it. His only statement on returning the car was that if arrangements could not be worked out for him to buy it, he would return it. Yet he admitted that he had made no attempt to work out arrangements, even though he had returned to Pocatello, and also that he had no available funds. When asked pointblank if he had intended to keep the vehicle, he replied: "I should like to have. It is a rather nice one." The trial court did not err in refusing to give the requested instruction on joy-riding.

Affirmed.

---

1. I.C. § 49–143 defines joy-riding as follows:

"Any person who shall drive a vehicle, not his own, without the consent of the owner thereof, and with intent temporarily to deprive said owner of his possession of such vehicle, without intent to steal the same, shall be guilty of a misdemeanor. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same or a different person. Any person who assists in, or is a party or accessory to or an accomplice in any such unauthorized taking or driving shall also be guilty of a misdemeanor."