**Salem**

JOHN ANSEL CALDWELL, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0708-87-3

Decided April 18, 1989

Counsel

Robert E. Wick (Gordon Widenhouse, on brief), for appellant.

David A. Rosenberg, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**BARROW, J.**—In this appeal we conclude that the immunity from prosecution provided under Code § 18.2-262 applies only to offenses arising under Title 18.2, Chapter 7, Article 1 or the Drug Control Act, but not to the offenses of breaking and entering or grand larceny. We also decide that the trial court did not err in sentencing the defendant to a greater term of imprisonment than that given to his two co-defendants.

There is no dispute as to the facts leading up to the arrest. The defendant discovered a storage facility filled with marijuana. He and two co-defendants broke into the facility and removed the marijuana to a co-defendant's house as part of a plan to sell the marijuana. When the police arrested the defendant, he gave them his full cooperation. He testified against his two co-defendants at preliminary hearings in Washington County and in the City of

Bristol about the discovery of the marijuana, breaking and entering the storage facility, and the grand larceny of the marijuana. At the time when the defendant agreed to cooperate, the Commonwealth's attorney made no specific promises to him, but merely told him that the prosecution "would consider his case properly under [its] general policies for nol-prossed."

Initially, the defendant was charged with possession of marijuana with intent to distribute, as well as the two non-drug offenses for which he was convicted. However, prior to trial, the trial court granted the Commonwealth's motion to nolle prosequi the charge of possession of marijuana with intent to distribute. The trial court denied the defendant's motion to dismiss the remaining charges. As the basis for his motion to dismiss, the defendant argued that he was immune from prosecution under Code § 18.2-262 because of his earlier testimony concerning these offenses. He was later convicted of breaking and entering and grand larceny.

The defendant argues that Code § 18.2-262 provides immunity from prosecution for non-drug offenses where a drug offense is also involved in the transaction about which the defendant testifies. Code § 18.2-262 provides in part that: ". . . the testimony given . . . shall be in no case used against [the person testifying] nor shall he be prosecuted as to the offense as to which he testifies."[1] This statute creates two types of immunity. The first type is so-called "use" immunity, which applies to all crimes, and stems from the clause, "shall be in no case used against him." The second type is immunity from prosecution, or so called "transactional" immunity, which applies only to "the offense as to which he testifies." Use immunity prevents a witness's compelled testimony from being used in any way in a criminal prosecution of the

---

[1]  The full text of Code § 18.2-262 provides: No person shall be excused from testifying or from producing books, papers, correspondence, memoranda or other records for the Commonwealth as to any offense alleged to have been committed by another under this article or under the Drug Control Act (§ 54.1-3400 et seq.) by reason of his testimony or other evidence tending to incriminate himself, but the testimony given and evidence so produced by such person on behalf of the Commonwealth when called for by the trial judge or court trying the case, or by the attorney for the Commonwealth, or when summoned by the Commonwealth and sworn as a witness by the court or the clerk and sent before the grand jury, shall be in no case used against him, nor shall he be prosecuted as to the offense as to which he testifies. Any person who refuses to testify or produce books, papers, correspondence, memoranda or other records, shall be guilty of a Class 2 misdemeanor.

witness, while transactional immunity prevents a witness from being prosecuted for the offense about which he testifies. *In re Kilgo*, 484 F.2d 1215, 1220 (4th Cir. 1973).

The defendant's testimony was not introduced in the trial against him and the defendant does not assert any claim to use immunity. He asserts, instead, that he was entitled to transactional immunity and cannot be prosecuted for any of the offenses about which he testified.

▇ In our opinion, Code § 18.2-262 does not extend transactional immunity to non-drug offenses. While the statute extends use immunity to all prosecutions against a witness, the statute provides transactional immunity only "as to the offense as to which he testifies." The word "offense" as used in this context does not refer to any offense to which he may have at any time testified. It refers only to the offense or offenses for which he was compelled to testify under the terms of the statute. Thus, the word "offense" refers to the earlier language in the statute describing the offense for which he was compelled to testify. This includes "any offense alleged to have been committed by another under this article or under the Drug Control Act (§§ 54.1-3400-3472)." It is illogical to conclude that the General Assembly intended to provide immunity for any crime about which a person may at any time testify even if he is compelled to do so.

The defendant could not have been compelled under Code § 18.2-262 to testify about the offenses of breaking and entering and grand larceny. These offenses are contained in Article 2 (Burglary and Related Offenses) and Article 3 (Larceny and Receiving Stolen Goods) of Chapter 5, Title 18.2. They are not part of Article 1 (Drugs) of Chapter 7, Title 18.2, in which Code § 18.2-262 is contained and to which it refers. Additionally, they are not contained in the Drug Control Act (§§ 54.1-3400-3472). The defendant was not and could not have been compelled to testify about the breaking and entering and the grand larceny offenses. He, therefore, gained no right under the statute to immunity from prosecution for having done so.

The defendant also contends that the trial court abused its discretion in sentencing him. The defendant argues that because the sentences of his two co-defendants were both shorter than the sentence he received, the trial court improperly enhanced his sentence

as punishment for his failure to appear at his original sentence hearing.

The defendant was sentenced for his convictions more than two and one-half years after he was scheduled to be sentenced because of his failure to appear as required. The trial court sentenced him to twelve years in the penitentiary. Each of his co-defendants received ten year sentences.

Since the defendant did not raise this question before the trial court, we will not consider it on appeal. At the hearing the defendant did not object to the trial court considering his failure to appear in determining his sentence. During his argument to the court, the defendant's attorney acknowledged the harmful impact of the defendant's flight on his prospects at sentencing. The defendant also recognized, during allocution, the adverse implications of his failure to appear. And yet, no objection was voiced at trial to the propriety of the trial court's consideration of this factor in imposing sentence. Since we are unable to find good cause to consider this issue and have not found it necessary to do so to attain the ends of justice, we may not consider it as a basis for reversal. Rule 5A:18; *see also Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

In summary, we conclude that the transactional immunity from prosecution provided for in Code § 18.2-262 does not extend to non-drug related offenses about which a person may not be compelled to testify. In addition, since no objection was raised at trial, we will not consider as a basis for reversal the trial judge's consideration of the defendant's flight in imposing sentence. For these reasons, we affirm the judgments of conviction.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.