Present: Hassell, C.J., Lacy, Keenan, Koontz, Lemons, and Agee, JJ., and Compton, S.J.

TRAVIS S. TUCKER

v.  Record No. 040173     OPINION BY JUSTICE BARBARA MILANO KEENAN
                                         November 5, 2004
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in holding that Rule 5A:18 precludes a criminal defendant from raising for the first time on appeal the issue whether the crime of unauthorized use of a motor vehicle includes a requirement that a defendant obtain possession of the vehicle by means of a trespassory taking.

Travis S. Tucker was indicted by a grand jury in the City of Portsmouth for unauthorized use of a motor vehicle, in violation of Code § 18.2-102.  After a bench trial, the circuit court convicted Tucker of the offense and sentenced him to two years' imprisonment, with a portion of that sentence suspended.

Tucker appealed his conviction to the Court of Appeals.  He argued that the evidence was insufficient to support the conviction because the Commonwealth failed to prove that he obtained the vehicle from its owner by means of a trespassory taking.  The Court of Appeals denied Tucker's petition and held that because Tucker had not raised this argument at trial, Rule 5A:18 barred consideration of the question on appeal.  The Court

of Appeals also declined to consider Tucker's argument under the "good cause" and "ends of justice" exceptions to Rule 5A:18. Tucker appeals.

We will state the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party in the circuit court. See Commonwealth v. Duncan, 267 Va. 377, 381, 593 S.E.2d 210, 212 (2004); Turner v. Commonwealth, 259 Va. 645, 648, 529 S.E.2d 787, 789 (2000). About 6:00 p.m. on June 18, 2002, Leonard J. Webster, Jr., lent his automobile to Tucker. Webster had allowed Tucker to use the car on at least one prior occasion.

On the evening in question, Webster agreed to let Tucker and his girlfriend use Webster's car to visit a restaurant and a convenience store, after which they were to return the car to Webster. A few hours after Webster allowed Tucker to take the car, Webster saw the car, and Tucker, at the restaurant. Tucker told Webster, "Go back to the house, and I'll be there." Webster went to the house, but Tucker did not return with the car.

During the following days, Webster saw Tucker driving the car, and Tucker "sped off" from Webster when Webster tried to approach the vehicle. Webster contacted the police, who recovered the vehicle and returned it to him several days later in damaged condition.

On appeal, Tucker concedes that he did not raise at trial the issue he asks us to consider concerning the elements of the crime of unauthorized use. However, he argues that the question should be reviewed on appeal "in order to attain the ends of justice" because his conduct did not fall within the scope of conduct prohibited by Code § 18.2-102.

Tucker argues that an element of the crime of unauthorized use is that the defendant take the vehicle without the owner's consent, and that the only difference between the crimes of unauthorized use and larceny is the intent of the accused. He asserts that because Webster voluntarily lent the vehicle to him, he did not commit a trespassory taking because he did not initially interfere with Webster's right to possess the vehicle. Instead, Tucker contends, a bailment was created between him and Webster, and if Tucker committed any crime, it was the failure to return bailed property.[1] We disagree with Tucker's arguments.

In order to determine whether Tucker's appeal should have been considered by the Court of Appeals for "good cause shown" or to attain the "ends of justice," we must resolve the underlying statutory issue whether a trespassory taking of a vehicle is an element of the crime of unauthorized use. Code § 18.2-102 provides, in relevant part:

---

[1] See Code § 18.2-117.

3

> Any person who shall take, drive away or use any . . . vehicle . . . not his own, without the consent of the owner thereof and in the absence of the owner, and with intent temporarily to deprive the owner thereof of his possession thereof, without intent to steal the same, shall be guilty of a Class 6 felony[.]

Under basic rules of statutory construction, we determine the General Assembly's intent from the words contained in the statute.  Commonwealth v. Diaz, 266 Va. 260, 264, 585 S.E.2d 552, 554 (2003); Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003).  When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that language and may not assign the words a construction that amounts to holding that the General Assembly did not mean what it actually stated.  Diaz, 266 Va. at 265, 585 S.E.2d at 554; Caprio v. Commonwealth, 254 Va. 507, 511-12, 493 S.E.2d 371, 374 (1997).

We conclude that the language of Code § 18.2-102 is unambiguous and prohibits the use of a motor vehicle in the owner's absence without the owner's consent and with the intent to temporarily deprive the owner of his possession of the vehicle.  Because the statutory phrase "take, drive away or use" is worded in the disjunctive, the offense is committed upon "use" of the vehicle without the owner's consent, whether or not the criminal actor's initial possession of the vehicle was obtained by a trespassory taking.

4

Thus, under Code § 18.2-102, the initial possession of a vehicle may be trespassory or consensual. When an owner consents to another person having temporary possession of the owner's vehicle, but does not consent to its use beyond a designated period of possession, the statute is violated when such use continues without the owner's consent and is accompanied by an intent to temporarily deprive the owner of possession of the vehicle. See Overstreet v. Commonwealth, 17 Va. App. 234, 238, 435 S.E.2d 906, 908-09 (1993).

Under the facts before us, Tucker initially obtained consent from the vehicle's owner to drive it to a restaurant and a convenience store. When he did not return the car that night but kept the vehicle for several days thereafter, Tucker plainly violated Code § 18.2-102 by using the vehicle beyond the designated period of consensual use with the intent to temporarily deprive the owner of possession of the vehicle.

We disagree with Tucker's claim that a different conclusion is required by our decision in Hewitt v. Commonwealth, 213 Va. 605, 194 S.E.2d 893 (1973). There, the issue presented was whether the crime of unauthorized use of a vehicle was a "lesser included" offense of the crime of larceny. In holding that unauthorized use was such a "lesser included" offense, we

5

observed that the essential difference between the two crimes is one of intent.[2]  Id. at 606, 194 S.E.2d at 894.

The fact that intent is a central element distinguishing larceny from unauthorized use does not preclude the existence of other differences in the elements of these crimes.  Therefore, while the common law crime of larceny requires that any taking of property be trespassory at the outset, see Maye v. Commonwealth, 213 Va. 48, 49, 189 S.E.2d 350, 351 (1972), the statutory crime of unauthorized use does not impose a like requirement.

We also find no merit in Tucker's contention that he could not be convicted of unauthorized use because the vehicle owner did not specify the time or date when the owner's consent would terminate.  Code § 18.2-102 contains no such requirement, and the evidence plainly allowed the fact finder to conclude that the owner's permission to let Tucker use the car to go to a restaurant and a store did not extend to a period of several days afterward in which the car was removed from the owner's lawful possession.

For these reasons, we will affirm the Court of Appeals' judgment.

---

[2] Later in the opinion, we incorrectly stated that "intent alone distinguishes larceny of a vehicle from unauthorized use." 213 Va. at 607, 194 S.E.2d at 895.  Because this statement was

6

---

dictum in the context of our holding in Hewitt, we do not address the statement further.