PRESENT: All the Justices

SIMON VAUGHN MURPHY

v.    Record No. 080852                          OPINION BY
                                      JUSTICE BARBARA MILANO KEENAN
                                             February 27, 2009
COMMONWEALTH OF VIRGINIA

             FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal of a defendant's conviction for possession

of marijuana with the intent to distribute, we consider whether

Code § 18.2-262 affords transactional immunity to a witness

whose testimony is voluntary, rather than compelled.

     The facts in this case are not in dispute.  In March 2005,

Simon Vaughn Murphy stopped his vehicle at the Chesapeake Bay

Bridge Tunnel toll plaza in Northampton County.  At the plaza,

Virginia State Trooper C.L. Murphy (the trooper) smelled

marijuana in the vehicle and ordered Murphy to "pull over."

     Upon conducting a search of Murphy's vehicle, the trooper

found between 15 and 16 pounds of marijuana.  Murphy admitted

that he was paid $2,000 to transport the marijuana.  Murphy and

his passenger, Omar Dickson, were placed under arrest and

charged with possession with the intent to distribute more than

five pounds of marijuana, in violation of Code § 18.2-248.1, and

with transporting more than five pounds of marijuana into the

Commonwealth, in violation of Code § 18.2-248.01.

Murphy later reached an oral agreement with the Commonwealth under which he agreed to plead guilty to the charge of possession with the intent to distribute and to testify when called by the Commonwealth at Dickson's preliminary hearing and trial. In exchange, the Commonwealth agreed to seek a nolle prosequi of the transportation charge.

In accordance with these terms, Murphy testified at Dickson's preliminary hearing. However, Murphy later filed a motion in the circuit court to dismiss the entire indictment pending against him, including the possession with intent to distribute charge. Murphy argued that he was entitled to transactional immunity under Code § 18.2-262 because he had testified at Dickson's preliminary hearing. That section provides in relevant part:

> No person shall be excused from testifying . . . for the Commonwealth as to any offense alleged to have been committed by another under this article or under the Drug Control Act (§ 54.1-3400 et seq.) by reason of his testimony . . . tending to incriminate himself, but the testimony given . . . by such person on behalf of the Commonwealth when called for by the trial judge or court trying the case, or by the attorney for the Commonwealth, or when summoned by the Commonwealth and sworn as a witness by the court or the clerk and sent before the grand jury, shall be in no case used against him nor shall he be prosecuted as to the offense as to which he testifies. Any person who refuses to testify . . . shall be guilty of a Class 2 misdemeanor.

Code § 18.2-262.

The circuit court denied Murphy's motion.  The Commonwealth and Murphy later entered into a written plea agreement pursuant to Code § 19.2-254.  In accordance with that agreement, Murphy entered a conditional plea of guilty to the charge of possession with intent to distribute more than five pounds of marijuana, preserving his right to appeal the circuit court's holding rejecting his immunity claim.  Following Murphy's plea, the circuit court entered an order of nolle prosequi on the transportation charge and sentenced Murphy for the possession with intent to distribute conviction to a term of three years' imprisonment with all but nine months suspended.  Murphy appealed his conviction.

The Court of Appeals affirmed the circuit court's judgment, holding that Murphy implicitly waived any transactional immunity afforded by Code § 18.2-262 by voluntarily testifying with the understanding that the Commonwealth would withdraw one of the charges against him.  Murphy v. Commonwealth, 51 Va. App. 535, 543-45, 659 S.E.2d 538, 542 (2008).  The Court further held that Code § 18.2-262 does not require that a witness' testimony be "compelled" in order for the statutory immunity provisions to apply.  Id. at 540, 659 S.E.2d at 540.  We awarded Murphy an appeal, and the Commonwealth assigned cross-error to the Court of Appeals' judgment.

Murphy contends that Code § 18.2-262 automatically provides transactional immunity to a witness who testifies under the circumstances specified in the statute.  He maintains that this statutory protection is not limited to situations in which a witness' testimony is compelled, but is afforded whenever the Commonwealth procures testimony from a witness concerning criminal activity in which the witness was engaged.  Murphy argues that once a witness protected by the statute testifies, the immunity protections of the statute are activated and any later waiver of that immunity must be made knowingly and voluntarily.  He asserts that the Court of Appeals erred in failing to hold that he did not make such a knowing and voluntary waiver, and in determining that he implicitly waived his immunity rights afforded under Code § 18.2-262.

The Commonwealth assigns as cross-error the Court of Appeals' holding that the immunity provisions of Code § 18.2-262 are not limited to instances in which a witness' testimony is compelled.  The Commonwealth argues that the immunity provisions of Code § 18.2-262 are implicated only when a witness' testimony is compelled and that, therefore, Murphy did not receive immunity under the statute because his testimony was purely voluntary.  Alternatively, the Commonwealth contends that by entering into the plea agreement, Murphy implicitly waived any statutory immunity that might have attached.

4

In reviewing these arguments, we first observe that neither Murphy nor the Commonwealth relies on the existence of an enforceable plea agreement entered under Rule 3A:8 or a separate immunity agreement executed by the parties. Instead, both parties rely on the language of Code § 18.2-262 and argue their respective positions based on differing interpretations of the statute. Thus, we focus our analysis directly on the substantive provisions of the statute.

We begin by addressing the Commonwealth's assignment of cross-error because that assignment determines the outcome of this appeal. The interpretation of Code § 18.2-262 presents a pure question of law, which we review de novo on appeal. See Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007); Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007); Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006).

We determine the meaning of the statute by examining its express language. Washington, 272 Va. at 454, 634 S.E.2d at 313; Tucker v. Commonwealth, 268 Va. 490, 493, 604 S.E.2d 66, 68 (2004); Alger v. Commonwealth, 267 Va. 255, 259, 590 S.E.2d 563, 565 (2004). We consider that language in its entirety, rather than by isolating particular words or phrases. Young, 273 Va. at 533, 643 S.E.2d at 493; Carpitcher v. Commonwealth, 273 Va. 335, 345, 641 S.E.2d 486, 492 (2007); Cummings v. Fulghum, 261

5

Va. 73, 77, 540 S.E.2d 494, 496 (2001). When the language of a statute is unambiguous, we are bound by the plain meaning of that language and may not assign the words a different construction. Young, 273 Va. at 533, 643 S.E.2d at 493; Gunn v. Commonwealth, 272 Va. 580, 587, 637 S.E.2d 324, 327 (2006); Tucker, 268 Va. at 493, 604 S.E.2d at 68; Commonwealth v. Diaz, 266 Va. 260, 265, 585 S.E.2d 552, 554 (2003).

Applying these principles, we conclude that the language of Code § 18.2-262 is unambiguous and grants immunity only to witnesses whose testimony is compelled. Testimony is compelled if a witness is subjected to coercion or deception that impairs the witness' voluntary choice and prevents his testimony from being an exercise of free will. See United States v. Escandar, 465 F.2d 438, 442 (5th Cir. 1972); see also Connecticut v. Barrett, 479 U.S. 523, 527-28 (1987). Conversely, a witness' testimony is not compelled when the testimony results from the exercise of choice or free will, and is not constrained by any interference. Escandar, 465 F.2d at 442; see United States v. Smith, 452 F.3d 323, 337 (4th Cir. 2006).

As relevant to this case, Code § 18.2-262 addresses the testimony of witnesses "called for . . . by the attorney for the Commonwealth" to testify regarding certain drug-related "offense[s] alleged to have been committed by another." Code § 18.2-262. The statute provides that "[n]o person shall be

6

excused from testifying . . . by reason of his testimony . . . tending to incriminate himself." Id. Further, this section permits the Commonwealth to procure a witness' testimony by offering to the witness a grant of immunity. Id. If the witness nonetheless refuses to testify, he is "guilty of a Class 2 misdemeanor." Id.

These provisions, when considered together, plainly do not apply to testimony that is voluntarily given. To "excuse" a person is to "free from an obligation or duty" otherwise imposed on that person. Webster's Third New International Dictionary 794 (1993). Thus, under Code § 18.2-262, a witness will not be freed from an obligation or duty to testify by invoking his privilege against self-incrimination. In requiring that any person called by the Commonwealth testify regarding certain drug-related offenses, and in including a criminal penalty for persons who refuse to testify after being provided immunity under the statute, the statutory language manifests a clear intent to limit its scope to compelled testimony.

This conclusion is further supported when the statutory language is considered in the context of constitutional protections afforded compelled testimony. The United States Constitution requires that a statute authorizing the compelled testimony of a witness grant to that witness immunity from prosecution that is coextensive with the scope of the Fifth

7

Amendment privilege against self-incrimination.  See United States v. Hubbell, 530 U.S. 27, 38 (2000); Kastigar v. United States, 406 U.S. 441, 449, 453 (1972); Gosling v. Commonwealth, 14 Va. App. 158, 163-64, 415 S.E.2d 870, 873 (1992); Commonwealth v. Sluss, 14 Va. App. 601, 604, 419 S.E.2d 263, 264-65 (1992).  In accordance with this constitutional requirement, Code § 18.2-262 extends two types of immunity to a witness whose testimony is compelled.

The first type of immunity, commonly known as "use" immunity, is reflected in the statutory language that the witness' testimony "shall in no case be used against him."  See Code § 18.2-262; Newton v. Commonwealth, 29 Va. App. 433, 457, 512 S.E.2d 846, 857 (1999); Caldwell v. Commonwealth, 8 Va. App. 86, 88, 379 S.E.2d 368, 369 (1989).  The "use" immunity granted by Code § 18.2-262 prevents a witness' compelled testimony from being used against him in any criminal prosecution of that witness.  Newton, 29 Va. App. at 457, 512 S.E.2d at 857; Gosling, 14 Va. App. at 164, 415 S.E.2d at 873; Caldwell, 8 Va. App. at 88-89, 379 S.E.2d at 369-70.

The second type of immunity, commonly known as "transactional" immunity, is provided in the statutory language that the witness shall not be prosecuted for "the offense as to which he testifies."  See Code § 18.2-262; Newton, 29 Va. App. at 457, 512 S.E.2d at 857; Caldwell, 8 Va. App. at 88, 379

8

S.E.2d at 369. This "transactional" immunity granted by Code § 18.2-262 protects a witness from being prosecuted for the specified drug-related offenses referenced in the statute about which the witness testifies.[*] Newton, 29 Va. App. at 457, 512 S.E.2d at 857; Gosling, 14 Va. App. at 164, 415 S.E.2d at 873; Caldwell, 8 Va. App. at 88-89, 379 S.E.2d at 369-70.

These provisions of Code § 18.2-262, which authorize compelled testimony from certain witnesses and in return grant those witnesses the described immunity, are fully coextensive in protection of a defendant's self-incrimination rights. Thus, Code § 18.2-262 complies with the holding in Kastigar, providing the specified immunity to a witness whose compelled testimony tends to incriminate him. See Kastigar, 406 U.S. at 449, 453. In view of these coextensive statutory provisions, which are plainly stated in the full text of the statute, we hold that the immunity protections of Code § 18.2-262 apply only to witnesses whose testimony is compelled.

In the present case, Murphy's testimony was voluntarily given in return for the Commonwealth's oral agreement to dismiss the pending transportation of marijuana charge, which would have resulted in a mandatory minimum sentence of three years' imprisonment. Because Murphy's testimony against Dickson was

---

[*] We observe that Code § 18.2-262, in providing both use and transactional immunity, exceeds the requirements of Kastigar. See 406 U.S. at 453.

purely voluntary, rather than compelled, we reject Murphy's claim that he was entitled to dismissal of the possession with intent to distribute charge under the immunity provisions of Code § 18.2-262. Further, given our conclusion that Murphy's testimony was purely voluntary, we do not reach the issue whether a witness must specifically invoke his Fifth Amendment privilege against self-incrimination before his testimony may be deemed compelled within the meaning of Code § 18.2-262.

Based on our holding, we conclude that the Court of Appeals' judgment should be affirmed on the ground of cross-error assigned by the Commonwealth. We do not address Murphy's assignments of error invoking the immunity provisions of Code § 18.2-262, in light of our conclusion that the statutory grant of immunity is limited to compelled testimony, and that Murphy's testimony was voluntarily given. Accordingly, for the reasons stated above, we will sustain the Commonwealth's assignment of cross-error, and will affirm the Court of Appeals' judgment.

<u>Affirmed</u>.