COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges O'Brien and AtLee
Argued at Richmond, Virginia

PUBLISHED

ROBERT MEREDITH OTEY, JR.

                                            OPINION BY
v.      Record No. 0556-19-2          JUDGE RICHARD Y. ATLEE, JR.
                                             APRIL 7, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF NEW KENT COUNTY
B. Elliott Bondurant, Judge

Richard G. Collins (Collins & Hyman, PLC, on brief), for appellant.

Maureen E. Cummins, Assistant Attorney General (Mark R.
Herring, Attorney General; Timothy J. Huffstutter, Assistant
Attorney General, on brief), for appellee.


Robert Meredith Otey, Jr. appeals his conviction for unauthorized use of a motor vehicle

in violation of Code § 18.2-102. He argues on appeal that the evidence was insufficient to

support his conviction "because the owner did not place limits on the location and timing of the

permitted possession and use." Additionally, he argues that the evidence of value was

insufficient. Because we find the evidence sufficient, we affirm the decision of the circuit court.

I. BACKGROUND

On appeal, we view the evidence in the light most favorable to the Commonwealth, the

prevailing party below, and afford to it all reasonable inferences from that evidence. Yerling v.

Commonwealth, 71 Va. App. 527, 530 (2020).

On January 13, 2018, William Jones purchased a 2001 GMC Yukon from a seller in

Pennsylvania. Jones, along with Kenneth Hazelwood and Otey, drove to Pennsylvania to pick

up the vehicle. Jones asked Otey to repair the brakes and change the brake lines. Otey agreed to

do the repairs, and he drove the vehicle back to his rented garage in Eltham, Virginia. Jones provided the parts. There was no written agreement setting out terms of the arrangement. Beyond asking Otey to repair the brakes, Jones did not place any express limits on Otey's possession of the vehicle. Nor did he authorize Otey to use the vehicle for any other purpose.

Jones was unable to reach Otey when he attempted to contact him four days later. When Jones drove by Otey's garage in Eltham, neither Otey nor the vehicle were there. Jones called the police a few days later and reported the vehicle missing.

On January 21, 2018, Otey called Jones and told him that the fuel pump on the vehicle was "burnt out" and that Jones needed to pay him $500 to get the vehicle back. Otey also told Jones the location of the vehicle.

Otey spoke with the police on January 24, 2018. He informed them that the vehicle was in White Marsh and that he had driven the vehicle there to tow his own vehicle. He also told them that he would pay to tow the vehicle to Jones. Jones eventually recovered the vehicle from Otey's mother's residence, where Otey had the vehicle towed.

At trial, Jones testified that, in addition to other damage, the rear bumper was "bent down about three to four inches" and that the frame was also bent. He stated that the damage had not been there when Otey took possession of the vehicle. Jones also testified about the value of the vehicle. As the owner, he figured the vehicle was worth $5,000, though he admitted he did not pay that amount for it.[1]

---

[1] Jones initially testified that the vehicle was worth $3,000 to $5,000 if the brakes were repaired. The circuit court sustained defense counsel's objection that the value cannot be based on things that have not yet happened. Jones then stated that the vehicle was worth $5,000 based on similar vehicles he had seen while looking for a new vehicle. The circuit court sustained defense counsel's objection that the value could not be based on other vehicles. The Commonwealth then asked Jones, "In your opinion, as the owner, what's the value of the vehicle when you purchased it?" Jones answered, "I figured $5,000." There were no further objections.

Hazelwood testified for the defense, confirming that Jones had asked Otey to repair the brakes and replace the brake lines. Hazelwood was also qualified as an expert in auto mechanics and brake repairs. He explained that brake lines need to be bled after being replaced, which requires a test drive. He stated that the test drive needs to be "a ways," but he admitted that you did not need to drive the vehicle twenty or thirty miles.

Otey testified in his own defense. He testified that Jones had asked him to fix the brakes and to drive the vehicle to see if anything else needed to be fixed. Otey stated that he had changed the brake lines and then "drove the truck up the road to test it out, check out my vehicle that was broke down in White Stone to make sure it was all right, and I was bleeding the air out of the system and stuff," and then the vehicle broke down. Otey admitted that he intended to tow his truck back to Eltham with Jones' vehicle, though he claimed that the vehicle broke down before he was able to tow his truck. He also conceded that he did not have to drive the vehicle to White Stone to test the brakes.

The circuit court concluded that Otey's testimony was inherently incredible.[2] It found that Otey's use of the vehicle to tow his own vehicle was outside the scope of Jones' consent to repair and replace the brake lines. Consequently, the circuit court convicted Otey of felony unauthorized use of a vehicle. Otey now appeals to this Court.

## II. Analysis

### A. Standard of Review

"We apply a deferential standard of review to challenges based on the sufficiency of the evidence, and the decision of '[t]he lower court will be reversed only if that court's judgment is plainly wrong or without evidence to support it.'" Cartagena v. Commonwealth, 68 Va. App.

---

[2] Otey testified that Jones' vehicle broke down before he could tow his vehicle. Based on the damage to the vehicle, however, the circuit court had no doubt that Otey did in fact tow his vehicle.

- 3 -

202, 207 (2017) (alteration in original) (quoting Allen v. Commonwealth, 287 Va. 68, 72 (2014)). "[T]he relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Smith v. Commonwealth, 296 Va. 450, 460 (2018) (quoting Commonwealth v. Perkins, 295 Va. 323, 327 (2018)).

### B. Unauthorized Use

Otey contends the evidence was insufficient to show that he acted without Jones' consent.

A conviction for unauthorized use of a vehicle under Code § 18.2-102 "requires proof of use without the consent of the owner with intent to deprive the owner of possession temporarily, but without intent to steal." Overstreet v. Commonwealth, 17 Va. App. 234, 236 (1993). Though Otey initially had consent to possess Jones' vehicle, the offense may be "committed by one whose original possession of the vehicle was lawful, but who subsequently uses the vehicle for his own purposes without the consent of the owner." Id. at 237 (quoting 7A Am. Jur. 2d Automobiles and Highway Traffic § 349 (1980)).

In Tucker v. Commonwealth, 268 Va. 490, 492 (2004), a vehicle's owner gave Tucker permission to use the vehicle to go to a restaurant and a store. Tucker was supposed to return the car afterward, but he kept the car for several days. Id. The owner saw Tucker driving his vehicle, and Tucker sped off when the owner tried to approach him. Id. The Supreme Court concluded that there was "no merit in Tucker's contention that he could not be convicted of unauthorized use because the vehicle owner did not specify the time or date when the owner's consent would terminate" because "Code § 18.2-102 contains no such requirement." Id. at 494-95. The Court held that "the evidence plainly allowed the factfinder to conclude that the owner's permission to let Tucker use the car to go to a restaurant and a store did not extend to a

period of several days afterward in which the car was removed from the owner's lawful possession." Id. at 495.

Otey contends that since Jones did not place a specific limit on the period of his possession, his use was not unauthorized. He also argues he did not intend to temporarily deprive Jones of his ownership.

Though Tucker dealt with a limit on the period of possession, Code § 18.2-102 is not limited to duration. The statute can also be violated where an individual is given possession of a vehicle for a limited purpose, and his use of the vehicle exceeds that purpose. See Overstreet, 17 Va. App. at 236; Huber v. Commonwealth, No. 1926-04-2 (Va. Ct. App. Oct. 4, 2005) (finding that defendant exceeded the permission he had received when he used the vehicle for his own purposes).[3] As we have previously noted, "where the owner gives consent to . . . possession for a limited purpose, the expiration of that qualification creates a constructive revestment of possession in the true owner with 'bare charge or custody' in the other person. A violation of the owner's possessory right constitutes a trespassory taking." Overstreet, 17 Va. App. at 236.

Like the Court in Tucker, we find no merit to Otey's argument that Jones did not place express limitations on Otey's possession of the vehicle. "[T]he scope of the authorization does not need to be expressly stated as long as the limitation is amply clear to the appellant, based on the totality of the circumstances." Huber, No. 1926-04-2, at *4. Jones gave Otey possession of his vehicle on the understanding that Otey would repair and replace the brake lines. Otey agreed to do the repairs. Though replacing brakes requires a test drive, both Otey and Hazelwood, the defense expert, conceded that the twenty- to thirty-mile drive to White Stone was not necessary.

_____

[3] "Unpublished opinions of this Court, while having no precedential value, are nevertheless persuasive authority." Samartino v. Fairfax Cty. Fire and Rescue, 64 Va. App. 499, 508 n.2 (2015).

Furthermore, Otey admitted that he intended to use Jones' vehicle to tow his own vehicle. Despite Otey's denials, the circuit court found that the damage to Jones' vehicle indicated Otey did in fact tow his vehicle with Jones' vehicle. Regardless of whether he did tow it or was simply on the way, permission to use a vehicle for one purpose is not implied consent to take the vehicle to an unknown destination for a purpose not beneficial to the owner and unrelated to the purpose for which possession of the vehicle was given. Bass v. State, 138 N.W.2d 154, 157 (Wis. 1965). Jones gave his vehicle to Otey to repair the brakes. Otey drove the vehicle twenty- to thirty-miles more than necessary to use the vehicle for a personal purpose. The evidence allowed the fact finder to conclude that Jones' consent to let Otey possess the vehicle to fix the brakes did not extend to allowing Otey to use the vehicle to tow his own vehicle.

### C. Value

Otey argues that the evidence of value was insufficient. Code § 18.2-102 distinguishes between felony and misdemeanor unauthorized use of a vehicle based on the value of the vehicle. If the value of the vehicle is "less than $200" the offense is a misdemeanor.[4] Code § 18.2-102. Otherwise, the offense is punished as a felony. Id. "Where the value of a thing 'determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount.'" Dimaio v. Commonwealth, 46 Va. App. 755, 763 (2005) (quoting Wright v. Commonwealth, 196 Va. 132, 139 (1954)).

Otey acknowledges that a lay witness may provide an opinion as to value, but he argues that Walls v. Commonwealth, 248 Va. 480, 483 (1994), requires the witness to have sufficient familiarity with the property. He contends that Jones did not provide an admissible foundation for his testimony. The rule in Walls, however, applies to the testimony of a "nonexpert, who is

---

[4] The version of Code § 18.2-102 in effect at the time of the offense used $200 as the value that distinguished a felony from a misdemeanor. The current version of the statute, in effect as of July 1, 2018, sets the value at $500.

not the owner of the personal property in question." 248 Va. at 483. The witness in <u>Walls</u> was not the owner of the property.

In Virginia,

> [i]t is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible on the question of the value of such property, regardless of his knowledge of property values. It is not necessary to show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns.

<u>King v. King</u>, 40 Va. App. 200, 212 (2003) (quoting <u>Haynes, Executrix v. Glenn</u>, 197 Va. 746, 750 (1956)).

At trial, Jones testified without objection that, as the owner, he thought that the value of the vehicle was $5,000. As the owner, Jones was qualified to give an estimate. <u>See</u> <u>id.</u> Thus, the circuit court was permitted to consider the testimony in determining whether the value of the vehicle exceeded the statutory amount. The $5,000 value far exceeds the statutory requirement. Accordingly, the evidence was sufficient to prove the value of the vehicle, and the circuit court did not err.

### III. CONCLUSION

For the foregoing reasons, we affirm the ruling of the trial court.

<u>Affirmed.</u>